[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 456.]

HARTMANN, APPELLANT, *v.* DUFFEY ET AL., APPELLEES.

[Cite as *Hartmann v. Duffey*, 2002-Ohio-2486.]

*Judgments—Interest—Plaintiff who enters into a confidential settlement agreement that has not been reduced to judgment is entitled to interest on the settlement, which becomes due and payable on the date of settlement— R.C. 1343.03(A) and (B), construed.*

(No. 2001-0741—Submitted March 12, 2002—Decided June 12, 2002.)

APPEAL from the Court of Appeals for Stark County, No. 2000CA00239.

———————————

SYLLABUS OF THE COURT

Pursuant to R.C. 1343.03(A), a plaintiff who enters into a settlement agreement that has not been reduced to judgment is entitled to interest on the settlement, which becomes due and payable on the date of settlement.

———————————

FRANCIS E. SWEENEY, SR., J.

{¶1} On April 5, 1999, plaintiff-appellant, Christina R. Hartmann, filed a medical malpractice action against defendants-appellees Jeffrey A. Duffey, M.D., Family Practice Development, Inc., and Community Health Care, Inc. On June 5, 2000, the first day of trial, the parties entered into a confidential settlement agreement, and the case was dismissed without a formal judgment entry. Seventeen days later, appellant filed a motion to enforce interest on the settlement amount pursuant to R.C. 1343.03(A) and (B). Appellees ultimately delivered the settlement check to appellant on June 30, 2000.

{¶2} Pursuant to R.C. 1343.03(B), the trial court denied appellant's motion for interest on the ground that the settlement had not been journalized. In a split

decision, the court of appeals affirmed on similar grounds. The cause is now before the court upon the allowance of a discretionary appeal.

{¶3} In this case, we are asked to construe R.C. 1343.03(A) and (B) and determine whether a plaintiff who enters into a confidential settlement agreement that has not been reduced to judgment is entitled to interest on the settlement, and, if so, when that interest begins to accrue.

{¶4} R.C. 1343.03 provides:

{¶5} "(A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, *when money becomes due and payable* upon any bond, bill, note, or other instrument of writing, upon any book account, *upon any settlement between parties*, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.

{¶6} "(B) Except as provided in divisions (C) and (D) of this section, *interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct*, including, but not limited to a civil action based on tortious conduct that has been settled by agreement of the parties, shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid." (Emphasis added.)

{¶7} Appellant argues that pursuant to R.C. 1343.03(A), a plaintiff who enters into a confidential settlement agreement is automatically entitled to interest on his or her settlement and that such interest becomes "due and payable" upon creation of the settlement debt, which she says is the settlement date. Appellees, however, contend, and the majority of the court of appeals found, that R.C.

2

1343.03(A) has no applicability to this case. Instead, appellees state that R.C. 1343.03(B) is the controlling subsection and that under this provision, since no judgment, decree, or order was rendered in this case, appellant is precluded from obtaining interest.

{¶8} We reject appellees' position based upon the plain language of the statute. We have repeatedly stated that "if the meaning of a statute is clear on its face, then it must be applied as it is written." *Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn.* (1994), 69 Ohio St.3d 521, 524, 634 N.E.2d 611. Thus, if the statute is unambiguous and definite, there is no need for further interpretation. *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 584, 651 N.E.2d 995. The wording of R.C. 1343.03(A) is clear. The statute is written in the conjunctive and expressly provides that a creditor is entitled to interest in the following situations: (1) when a bond, bill, note, or other instrument of writing becomes due and payable; (2) upon any book account; (3) upon settlement between parties; (4) upon verbal contracts entered into; *and* (5) upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction. Based upon the plain language of the statute, a settlement that has not been reduced to judgment clearly falls within the purview of R.C. 1343.03(A), and under this subsection, plaintiffs are entitled to interest on such a settlement.

{¶9} In contrast, R.C. 1343.03(B) is a more narrow provision that is triggered only when a settlement has been reduced to judgment or where there has been a decree or order. In such a case, interest is computed from the date of the judgment, decree, or order. If we were to accept appellee's interpretation and apply R.C. 1343.03(B) to the instant type of case, this would render R.C. 1343.03(A) meaningless as it pertains to settlements not reduced to judgment. Moreover, this result would preclude a plaintiff who enters into a confidential settlement agreement from collecting interest, since the existence of a judgment, decree, or

order is a condition precedent to receiving interest under R.C. 1343.03(B). For these reasons, we conclude that R.C. 1343.03(B) has no application to the present case. Instead, we find that R.C. 1343.03(A), which entitles a creditor to interest upon settlement, is the controlling provision.

{¶10} Having decided that interest may arise from a settlement not reduced to judgment, we next consider when that interest accrues. To answer this question, we again look at the language of the statute. Pursuant to R.C. 1343.03(A), the creditor is entitled to interest "when money becomes due and payable." Appellant maintains that in the absence of a specific "due and payable" date, interest becomes "due and payable" on the date of settlement. Appellant contends that this interpretation is consistent with the public policy of promoting prompt payment of settlements, of fully compensating the plaintiff, of ensuring that the plaintiff receives the use of money that rightfully belongs to her, and of preventing a party from benefiting from its own delay.

{¶11} We agree with the position advanced by appellant. The plain language of R.C. 1343.03(A) states that money becomes due and payable "upon any settlement between parties." Thus, from this language, it is clear that the date of settlement is the accrual date for interest to begin to run. At the point of settlement, a settlement debt is created, and plaintiff becomes a creditor entitled to the settlement proceeds. Thus, the plaintiff is entitled to be compensated for the lapse of time between accrual of that right (the date of settlement) and payment.

{¶12} This conclusion is further supported by the public policy reasons behind the award of interest. In *Musisca v. Massillon Community Hosp.* (1994), 69 Ohio St.3d 673, 676, 635 N.E.2d 358, a case involving the issue of when the right to prejudgment interest accrues, we stated that "*any statute awarding interest* has the * * * purpose of compensating a plaintiff for the defendant's use of money which rightfully belonged to the plaintiff." (Emphasis added.) Therefore, the entitlement to interest, whether it be prejudgment interest, postjudgment interest,

4

or postsettlement interest, " 'is allowed, not only on account of the loss which a creditor may be supposed to have sustained by being deprived of the use of his money, but on account of the gain being made from its use by the debtor.' " *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140, quoting *Hogg v. Zanesville Canal & Mfg. Co.* (1832), 5 Ohio 410, 424, 1832 WL 26. By assessing interest from the date of settlement as provided for in R.C. 1343.03(A), we believe that this public policy of fully compensating the plaintiff will be achieved.

{¶13} Accordingly, we hold that pursuant to R.C. 1343.03(A), a plaintiff who enters into a settlement agreement that has not been reduced to judgment is entitled to interest on the settlement, which becomes due and payable on the date of settlement. We reverse the judgment of the court of appeals and grant appellant's motion for interest on the settlement amount, to run from June 5, 2000, to June 30, 2000.

Judgment reversed<b>.</b>

MOYER, C.J., DOUGLAS, RESNICK and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

––––––––––––––––––––

**COOK, J., dissenting.**

{¶14} I agree with Justice Lundberg Stratton that R.C. 1343.03(B) is the relevant provision for determining the date of interest accrual here. Inasmuch as this is "a civil action based on tortious conduct," the settlement between these parties more appropriately falls under this division and interest would be payable as of the date the trial court entered its judgment of dismissal following the parties' settlement agreement.

{¶15} Although I would apply R.C. 1343.03(B) in this case, I recognize that R.C. 1343.03(A) *could* apply in an appropriate case. If the settling parties expressly agree to a term specifying the date on which the settlement proceeds become "due

and payable," the parties will have triggered R.C. 1343.03(A) as the relevant provision governing the calculation of interest. Conversely, if the settlement agreement contains no such term, R.C. 1343.03(B) becomes the default provision governing the calculation of interest.

{¶16} The appellant in this case offered no evidence of record that the parties agreed to settlement terms specifying a date on which settlement proceeds were due and payable. Absent any proof that such a term was part of the parties' settlement, the trial court correctly denied Hartmann's motion to enforce interest. I would therefore affirm the judgment of the court of appeals.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

_____

**LUNDBERG STRATTON, J. dissenting.**

{¶17} I dissent from the majority's interpretation of R.C. 1343.03(A) and (B). I believe that the majority's interpretation is based on a misreading of this section and renders part of subsection (B) meaningless and incapable of ever applying.

{¶18} R.C. 1343.03(A) refers to a "settlement between parties" as triggering the accrual of interest. One could accept the majority's interpretation only if subsection (B) did not exist. However, subsection (B) states:

{¶19} "Except as provided in divisions (C) and (D) of this section, *i*nterest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct, *including but not limited to a civil action based on tortious conduct that has been settled by agreement of the parties,* shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid." (Emphasis added.)

{¶20} The majority misconstrues subsection (B), which refers to a settlement arising out of a *civil action* that has been *settled by the parties* and reduced to a judgment, decree, or order. The order or judgment could simply be

the order of dismissal. There is no requirement that it contain the language of the settlement. But *all* civil actions that are settled are terminated by *some* entry or order. That entry triggers the accrual of interest.

{¶21} Since subsection (B) specifically refers to a "civil action based on tortious conduct," it controls over subsection (A), which only generally refers to "any settlement between parties" and makes no reference to any court action. It could be any dispute between parties that was resolved outside court. This is logical because there would be no "judgment, decree, or order" to start the clock if there were no lawsuit filed. But if a *civil action based on tortious conduct* is filed, a different time frame applies because there *is* a definite point at which the clock can begin to run, i.e., the date of the judgment, decree, or order. However, under the majority's interpretation, the settlement language of subsection (B) would *never* apply because once the case was settled, subsection (A) would kick in and interest would start. The legislature surely inserted the settlement language in subsection (B) for a purpose and certainly did not intend it to be merely window dressing. The majority's interpretation turns subsection (B) into merely superfluous language; under its version, the clock started the moment "settled" was uttered regardless of when the entry went on. A party always would have settled at some point before actually putting on the dismissal entry. As the majority states, "if the meaning of a statute is clear on its face, then it must be applied as it is written." *Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn.* (1994), 69 Ohio St.3d 521, 524, 634 N.E.2d 611. Thus, if the statute is unambiguous and definite, there is no need for further interpretation. *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 584, 651 N.E.2d 995. In addition, the specific controls over the general, and the legislature has devised a specific procedure to apply once a civil action has been filed.

{¶22} Therefore, I respectfully dissent.

————————————

The Okey Law Firm., L.P.A., Steven P. Okey and Scott A Washam, for appellant.

Hanna, Campbell & Powell, L.L.P., Michael Ockerman, Robert L. Tucker and John R. Chlysta, for appellees.

Allen Schulman, Jr., urging reversal for amicus curiae Ohio Academy of Trial Lawyers.

_____