OPINION
{¶ 1} Plaintiff-appellant Valley Electrical Consolidated Inc. ("appellant") appeals from the denial of its request for prejudgment interest by the Trumbull County Court of Common Pleas.
 {¶ 2} On December 10, 1997, appellant filed a complaint for delay damages against the Board of Trumbull County Commissioners, Voinovich-Sgro Architects, Inc., and two other defendants. The complaint precipitated a flurry of legal filings as various parties were added, deleted, and cross-claims were filed among the parties. The legal wranglings stemmed from the expansion and construction of a jail facility in Trumbull County. Appellant, an electrical contractor, was to provide electrical work for the project. The facility was not completed until after the scheduled date, causing appellant to incur damages from the delay.
 {¶ 3} On October 12, 1999, the parties held a mediation hearing, resulting in appellant agreeing to settle the litigation for a total payment of $950,000, subject to the approval of the Board of Commissioners. The Commissioners approved the settlement on November 23, 1999, authorizing a payment of $367,617 to appellant, representing the Commissioners' obligation under the terms of the settlement. An additional $174,766 would be paid through Trumbull County, representing various retainages. Flexicore agreed to pay appellant the sum of $40,000. On January 7, 2000, Voinovich-Sgro, a party to the settlement, filed for bankruptcy protection.
 {¶ 4} On March 1, 2000, appellant filed a motion for prejudgment interest against the Commissioners. In its motion, appellant argued that the Commissioners never prepared the necessary release documents as promised at the settlement hearing. Appellant admitted that, at a January 12, 2000 status conference, appellant's counsel stated the claims would be reinstated in the litigation if Voinovich-Sgro could not perform its settlement obligation. Appellant asserted it was entitled to interest as of November 5, 1999, when counsel for Trumbull County confirmed the settlement in writing. Appellant stated that Trumbull County was to pay $542,383 of the total $950,000 settlement.
 {¶ 5} On July 26, 2000, appellant filed a motion requesting the trial court reinstate the case to the active docket. Appellant contended the parties had not been able to consummate the settlement to which they tentatively agreed at the October 12, 1999 mediation hearing.
 {¶ 6} On October 11, 2000, the Board of Commissioners filed a motion to enforce the settlement agreement. On October 31, 2000, appellant filed a separate action claiming that the Board of Commissioners owed the entire $950,000. In the complaint, appellant stated that the settlement agreement became final upon the approval by the Commissioners on November 23, 1999. Appellant stated it subsequently informed the other parties of its intention to rescind the settlement agreement because the Commissioners did not perform their obligations under the agreement. Neither Flexicore nor the Board of Commissioners had tendered their obligations under the settlement to appellant by this time. Appellant maintained it was impossible to enforce the agreement due to the bankruptcy proceedings instituted by Voinovich-Sgro. On April 17, 2001, appellant filed a motion to enforce the settlement agreement exclusively against Trumbull County, arguing the parties were jointly and severably liable for the settlement payment. Appellant sought interest on the settlement proceeds, at the statutory rate of ten percent, from October 12, 1999. Appellant dismissed Voinovich-Sgro pursuant to Civ.R. 41(A) on July 6, 2001.
 {¶ 7} The two actions were consolidated on October 30, 2001. Plaintiff then filed a motion on January 23, 2002, asking the court to enforce the settlement for the sums set forth in the original agreement, abandoning its stance of joint and several liability for the defendants. Appellant insisted upon statutory interest from the date of the mediation hearing. Flexicore and the Board of Commissioners objected to paying any prejudgment interest, contending that the settlement was not due and payable because appellant would not accept their payments until January of 2000. Before the settlement was completed, Voinovich-Sgro filed for bankruptcy protection. Further, the defendants argued that, until the recent motions, appellant's position was that no settlement took place in October of 1999.
 {¶ 8} On March 8, 2002, the trial court found that the settlement agreement would have been completed in its entirety if Voinovich-Sgro had not filed for bankruptcy prior to the disbursement of the funds owed by Voinovich-Sgro under the terms of the settlement. The court ordered the defendants to pay appellant the sums agreed upon under the settlement agreement. The court determined that interest was not appropriate as the defendants were willing to pay their agreed upon share at all relevant times.
 {¶ 9} On March 19, 2002, appellant appealed the judgment entry of the trial court. That same day, appellant filed a request for findings of fact and conclusions of law with the trial court. Appellant also filed a motion for new trial.
 {¶ 10} Appellant assigns the following errors for review:
 {¶ 11} "I. The trial court erred, as a matter of law, by denying statutory interest to Plaintiff-Appellant from the time of the settlement of the case until the payment of the settlement funds.
 {¶ 12} "II. The trial court erred in failing to rule upon the Motion for New Trial and Request for Findings of Fact and Conclusions of Law submitted to the trial court by Plaintiff-Appellant."
 {¶ 13} In its first assignment of error, appellant contends the trial court erred by refusing to award prejudgment interest. Appellant asserts that R.C. 1343.03(A) entitles it to interest at the statutory rate, in order to be fully compensated for the delay between the settlement and payment. Appellant maintains the monies were due and payable in January of 2000, triggering the payment of interest on the amount owed under the settlement. Appellant argues that the Board of Commissioners and Flexicore were unjustly enriched because they enjoyed the benefits of the value of the monies, accruing interest for their own benefit.
 {¶ 14} R.C. 1343.03(A) provides, inter alia, that money becomes due and payable upon any settlement between parties, entitling the creditor to interest at the statutory interest rate of ten percent, unless a contract between the parties provides for a different rate of interest. An appellate court's review of a trial court's award or denial of prejudgment interest is governed by an abuse of discretion standard.Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339.
 {¶ 15} In Hartmann v. Duffey, 95 Ohio St.3d 456, 2002-Ohio-2486, the Supreme Court of Ohio held that R.C. 1343.03(A) applies when parties enter into a settlement, which has not been reduced to judgment or order by the court. The accrual date from which the interest begins to run is the date of the settlement. The creditor is entitled to be compensated for the time between the accrual of the right to payment, or the settlement date, and payment. The court stated this view is bolstered by the public policy reasons underlying the award of interest. Statutory interest has the purpose of compensating a plaintiff for the defendant's use of the money, which rightfully belongs to the plaintiff. Whether either party was at fault was not part of the analysis under Hartmann.
 {¶ 16} The Board of Commissioners and Flexicore argue thatHartmann is not applicable based upon appellant's actions following the October 12, 1999 settlement hearing. Appellees maintain that appellant's inconsistent positions regarding the existence of a settlement caused delay in the payment, precluding appellant from collecting interest. Appellees assert that appellant's actions, in an effort to protect it from the possibility it would not receive the monies owed by Voinovich-Sgro, created a delay in payment.
 {¶ 17} Appellees rely upon Cohara v. Consolidated Rail Corp.,148 Ohio App.3d 153, 2002-Ohio-1557, to support their argument that appellant's delay negates any award of statutory interest. In Cohara, the plaintiff refused to sign the release and sought to reinstate his complaint. The plaintiff continued to refuse to honor the settlement agreement, even when ordered to do so by the trial court. The Eighth District Court of Appeals held that the plaintiff caused the delay in the defendant's tendering of the settlement check and, as the breaching party, was not entitled to prejudgment interest.
 {¶ 18} We do not find Cohara to be applicable to the instant case. The record before this court finds that all the parties contributed to the delay. On November 19, 1999, appellant's counsel sent a letter to the attorney for the Board of Commissioners, outlining a suggested schedule, calling for draft releases to be given to appellant by December 3, 1999, with all of the documents executed by December 17, 1999. Appellees did not comply with this proposed schedule. If the documents had been executed as proposed by appellant, then the subsequent bankruptcy filing by Voinovich-Sgro would not have had the same effect as it ultimately did. Although appellant threatened to reinstate the action, no such motion was filed with the court until July of 2000. The Board of Commissioners did not request the court enforce the settlement until that October. The record is clear that the parties to this appeal each had a hand in delaying the payment of the settlement.
 {¶ 19} Under Hartmann, the Supreme Court made clear its position that prejudgment interest is applicable on the date of the settlement. Appellant admits it requested that payment be delayed until January of 2000. It even proposed a schedule calling for the completion and execution of the necessary documentation before January. Had appellees complied, the settlement probably would have been completed in January. Therefore, appellant was entitled to prejudgment interest from the beginning of January of 2000. Appellant's first assignment of error is well-taken.
 {¶ 20} Based upon the disposition of the first assignment of error, appellant's second assignment of error is moot. The judgment of the Trumbull County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
WILLIAM M. O'NEILL, P.J., JUDITH A. CHRISTLEY, J., concur.