OPINION
{¶ 1} This is an appeal from the trial court decision of October 17, 2002, denying Appellant's motion for class certification.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In June 2002, Appellant filed an action against The Medical Protective Company (Med-Pro) in the Stark County Court of Common Pleas alleging that Med-Pro, an insurance company doing business in Ohio, fails to pay interest on its insurance settlements as required by Ohio law.
 {¶ 3} Appellant's complaint is styled as a class action, attempting to assert the following causes of action on behalf of herself and other similarly affected Ohioans: failure to pay statutory interest; unjust enrichment; and declaratory judgment.
 {¶ 4} On July 23, 2002, Appellant moved for class certification and sought to represent a class of:
 {¶ 5} [A]ll persons who have entered into a settlement agreement with the defendant and/or an insured of the defendant for a claim or action based on tortious conduct, contract, or other transaction, and who upon receipt of payment of the settlement proceeds from the defendant did not receive statutory interest from the date of such settlements, as required by R.C. 1343.03(A) and Hartmann v. Duffey, 85 Ohio St.3d 456,2002-Ohio-2486 (The Class).
 {¶ 6} Appellant estimates that such "class" numbers in the tens of thousands.
 {¶ 7} On October 17, 2002, the trial court denied Appellant's motion for class certification concluding that Appellant "failed to meet any of the requirements of Civ.R. 23(B)."
 {¶ 8} It is from this decision that Appellant appeals, assigning the following error for review:
ASSIGNMENT OF ERROR
 {¶ 9} "THE TRIAL COURT ABUSED IT DISCRETION IN DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION. (JUDGMENT ENTRY, 10/17/02)."
 I. {¶ 10} In her sole assignment of error, Appellant assigns error to the trial court's ruling denying class certification. We disagree.
 {¶ 11} Our standard of review of the court's decision concerning whether a class action may be maintained is abuse of discretion. A trial court has broad discretion in determining whether a class action may be maintained. Planned Parenthood Ass'n of Cincinnati, Inc. v. ProjectJericho (1990), 52 Ohio St.3d 56, 62., 556 N.E.2d 157. We will not disturb that determination, absent an abuse of discretion. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 12} However, the trial court's discretion in deciding whether to certify a class action is bounded by, and must be exercised within the framework of Civ.R. 23. Hamilton v. Ohio Sav. Bank, 82 Ohio St.3d 67,70, 1998-Ohio-365, 694 N.E.2d 442. Before an action may be certified as a class action, the following seven requirements must be met:
 {¶ 13} (1) An identifiable class must exist and the definition of the class must be unambiguous;
 {¶ 14} "(2) The named representatives must be members of the class;
 {¶ 15} "(3) The class must be so numerous that joinder of all the members is impracticable;
 {¶ 16} "(4) There must be questions of law or fact common to the class;
 {¶ 17} "(5) The claims or defenses of the representative parties must be typical of the claims or defenses of the class;
 {¶ 18} "(6) The representative parties must fairly and adequately protect the interests of the class; and
 {¶ 19} "(7) One of the three Civ.R. 23(B) requirements must be met. Id. at 71, citing Civ.R. 23(A) and (B).
 {¶ 20} "[T]he [trial] court must find, by a preponderance of the evidence, that all the Rule 23 requirements are met." Warner v. WasteMgt., Inc. (1988), 36 Ohio St.3d 91, 94, 521 N.E.2d 1091. "The burden of proving each of the requisite elements of Rule 23 is on the party seeking certification, and failure to prove any element precludes certification."Ansari v. New York Univ. (S.D.N.Y. 1998), 179 F.R.D. 112, 114.
 {¶ 21} Civ.R. 23 provides:
 {¶ 22} (A) Prerequisites to a class action
 {¶ 23} "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
 {¶ 24} (B) Class actions maintainable
 {¶ 25} "An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:
 {¶ 26} "(1) the prosecution of separate actions by or against individual members of the class would create a risk of
 {¶ 27} "(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or
 {¶ 28} "(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
 {¶ 29} "(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
 {¶ 30} "(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action."
 {¶ 31} In its Entry, the trial court adopted the reasoning and holding of Layne v. Progressive Preferred Ins. Co., (Sept. 9, 2002), C.P. No. 2002 CV 02047, a factually similar case wherein the plaintiff sought class certification in an action against Progressive Preferred Ins. Co. for failure to pay post-judgment interest from the date of settlement to the date of payment as required by R.C. 1343.03(A).
 {¶ 32} In Layne, supra, the trial court held:
 {¶ 33} "[T]he questions affecting the individuals predominate over any questions that are common to the class. Each plaintiff has unique damages with unique facts, and unique witnesses, from which the trier-of-fact must determine the date of settlement, the terms of settlement and the date of payment for each individual. The Court therefore, finds that not only do the individual questions predominate but that there is no efficiency or economy to a common adjudication."
 {¶ 34} Upon review, we find that while appellant's allegations appear to be simplistic, entitlement to post-settlement interest, in reality each settlement computation would be subject to many variables. As stated by the trial court, each plaintiff has unique damages with unique facts, and unique witnesses, from which the trier-of-fact must determine the date of settlement, the terms of settlement and the date of payment for each individual.
 {¶ 35} The court did not abuse its discretion in denying class certification.
 {¶ 36} The assignment of error is overruled.
 {¶ 37} The judgment of the Stark County Common Pleas Court is affirmed.
By: Boggins, J., Farmer, P.J. and Edwards, J. concur.