OPINION
{¶ 1} Plaintiff-appellant Cheryl Gilson ("Gilson") appeals the January 23, 2003 Judgment Entry of the Stark County Court of Common Pleas, which overruled appellant's motion to certify a class action. Defendant-appellee is Motorists Mutual Insurance Company ("Motorists").
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On October 6, 1999, Gilson was involved in an automobile accident with Homer Unkefer, a Motorists insured. In September 2001, appellant filed a Complaint in the Stark County Court of Common Pleas against Unkefer, seeking compensatory damages, costs, and "statutory interest." Motorists was not a party in the underlying action.
 {¶ 3} On April 11, 2002, the parties reached a "conditioned" settlement through mediation. The settlement was conditioned upon Gilson's attorney's ability to negotiate an agreement for outstanding chiropractic bills with the clinic at which she received treatment. Gilson's attorney requested Unkefer's counsel delay requesting the settlement check or checks, as Gilson's attorney wished to negotiate with the clinic over fees. On April 29, 2002, Gilson's attorney advised opposing counsel, via facsimile, he had been successful in negotiating a reduced amount with the chiropractic clinic.
 {¶ 4} Gilson received the settlement monies on May 16, 2002, and on May 30, 2002, executed a Release of All Claims in favor of both Unkefer and Motorists, acknowledging her receipt of the settlement monies in full compromise, settlement and satisfaction of all claims against Unkefer and Motorists. On June 5, 2002, a Judgment Entry of Dismissal was filed with the trial court, dismissing the underlying action with prejudice.
 {¶ 5} On June 17, 2002, Gilson filed a Complaint against Motorists styled, "Insurance Settlement Interest Class Action." Gilson sought to recover interest accrued following settlement on April 11, 2002, based upon the recent Ohio Supreme Court decision in Hartmann v. Duffey (2002),95 Ohio St.3d 456, 2002-Ohio-2486. Gilson asserted the settlement money "became due and payable on the date of the settlement, and thereafter the Defendant enjoyed the use of the money which rightfully belonged to the Plaintiff and the Class." Gilson purported to bring the action on behalf of herself and "all others similarly situated." The complaint asserted three causes of action-failure to pay statutory interest under R.C.1343.03(A), unjust enrichment, and declaratory judgment.
 {¶ 6} On July 23, 2002, Gilson filed a motion seeking certification of a proposed class consisting of "all persons who have entered into a settlement agreement with Defendant and/or an insured of the Defendant for a claim or action based on tortious conduct, contract or other transaction, and who upon receipt of payment of the settlement proceeds from the Defendant did not receive statutory interest from the date of such settlement." On October 15, 2002, Motorists filed a brief in opposition.
 {¶ 7} Gilson later amended her complaint to indicate the settlement money became due and payable on April 29, 2002.
 {¶ 8} On January 23, 2003, the trial court, via Judgment Entry, denied the motion for class certification, stating: "The Court finds that based on the similar facts and holding of Layne v. Progressive PreferredIns. Co. (September 9, 2002), Case No. 2002 CV 02047, and Rinder v. TheMedical Protective Co. (October 17, 2002) Case No. 2002 CV02097, Plaintiff cannot meet the requirements of Civil Rule 23(B). There is no risk of inconsistent or varying adjudications which would establish incompatible standards of conduct. Each case will be determined by the applicable law. Hartmann v. Duffy (2002), 95 Ohio St.3d 456,2002-Ohio-2486. Individual adjudications will not impede or impair the ability of non-parties to protect their interests. The primary remedy sought by Plaintiff is monetary damages and not injunctive or declaratory judgment. Questions of law or fact common to the proposed class do not predominate over questions affecting individuals. Each claim involves a series of unrelated transactions arising from a variety of fact situations."
 {¶ 9} It is from the January 23, 2003 Judgment Entry denying the class certification Gilson now appeals, assigning the following error:
 {¶ 10} "I. The trial court abused its discretion by denying plaintiff's motion for class certification."
 I {¶ 11} In the sole assignment of error, Gilson maintains the trial court erred in denying certification of the class. We disagree.
 {¶ 12} A trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion. Baughman v. StateFarm Mut. Auto Ins. Co. (2000), 88 Ohio St.3d 480, 2000-Ohio-397. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 13} The appropriateness of applying the abuse of discretion standard in reviewing class action determinations is grounded not in a credibility assessment, but in the trial court's special expertise and familiarity with case management problems, and the trial court's inherent power to manage its own docket. Elsea Financial Services, Inc. v.Burkhart, Morgan App. No. CA-01-01, 2001-Ohio-1425. However, the trial court's discretion in deciding whether to certify a class action is bounded by, and must be exercised within the framework of Civ.R. 23. Id. The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied.
 {¶ 14} In order to be certified as a class action, a case must meet seven prerequisites, two of which are implicitly required by Civ.R. 23, and five others which are expressly set forth therein. These seven prerequisites are: (1) existence of an identifiable class; (2) class membership of the representatives; (3) numerosity; (4) commonality; (5) typicality; (6) adequacy; and (7) one prerequisite of Civ.R. 23(B)(1)-(3). Civ.R. 23(A) and (B). The party bringing a suit bears the burden of proving a suit should be certified as a class action. Failure to satisfy any one of the prerequisites required by Civ.R. 23 results in a denial of certification. See, Lee v. Chrysler Corp., Stark App. No. 2002CA00086, 2002-Ohio-6284, citing Hamilton v. Ohio Sav. Bank,82 Ohio St.3d 67, 1998 Ohio-365.
 {¶ 15} Gilson maintains the trial court erred in finding common issues did not predominate, and alternatively, a class should have been certified under Civ.R. 23(B)(2) as the relief sought to redress the wrongdoing is primarily injunctive and declaratory.
 {¶ 16} Upon review, we conclude the trial court did not abuse its discretion in determining questions of law or fact common to the proposed class do not predominate over questions affecting individuals. While there is a common question of law applicable to all the members of the proposed class (Hartmann, supra), each case involves a series of unrelated transactions arising from a variety of fact situations. Not only does the monetary amounts of each award differ, but also the circumstances surrounding each individual calculation. Each class member's claim involves different settlement dates, conditions and circumstances, clearly exemplified by the "conditional settlement" in the case sub judice. The terms of each release are different. While there is a common question of law, the trial court did not abuse its discretion in concluding such does not predominate over the individual operative facts affecting individuals in the proposed class.[1] We find the damages owed to members of the class do not flow from identical operative facts.
 {¶ 17} We further find the trial court did not abuse its discretion in denying the class as the primary remedy sought by appellant is monetary damages, not injunctive or declaratory relief. While the calculation of damages owed to each member requires performance of an act by Motorists in providing necessary information, the primary relief sought by each member of the class remains monetary damages. Any further failure on the part of Motorists to pay post-settlement interest can be effectively prevented by the settling insured pursuant to Hartmann.
 {¶ 18} Accordingly, we find no abuse of discretion in the trial court's denial of appellant's motion for class certification pursuant to Civ.R. 23.
 {¶ 19} Appellant's sole assignment of error is overruled.
 {¶ 20} The January 23, 2003 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
[1] Our opinion should not be interpreted as finding the trial court would have abused its discretion had it certified the class action.