OPINION
{¶ 1} This is an appeal by plaintiffs-appellants, Michael T. Shannon and Juming Tong, from a judgment entry of the Franklin County Court of Common Pleas, denying appellants' motion for post-judgment interest.
 {¶ 2} On April 16, 2001, appellants filed a complaint against defendants-appellees, Lisa Schiller, Peter Schiller and Kristen Gaal, alleging various causes of action, including wrongful death and survivorship claims, following the death of appellant Tong's son, Eric Tong. On April 12, 2002, the trial court filed an entry indicating that counsel for appellants and appellees had informed the court that the case had been settled, and providing notice that the parties had 20 days to prepare an appropriate entry.
 {¶ 3} Shortly after the April 12, 2002 entry referencing a settlement, appellee Gaal tendered a check from her insurance carrier in the amount of $40,000 to appellants, but appellants did not cash the check at that time. On April 18, 2002, appellant Tong submitted a letter to the trial court in which Tong stated in part, "[a]t no time did I ever authorize my attorney or anyone to accept or engage in a settlement. I will not accept the settlement." On August 19, 2002, the trial court filed an entry dismissing the matter with prejudice. Further, according to the court's April 14, 2003 entry denying appellants' motion for interest, appellant Shannon, the administrator of decedent's estate, orally informed the court that appellant Tong had not authorized her attorney to settle the case, but that Shannon believed it was in Tong's best interest to ratify the April 12, 2002 settlement.
 {¶ 4} In August 2002, counsel for appellants submitted a dismissal entry. The trial court, noting that it had received no further correspondence from appellants Tong or Shannon, executed and filed the dismissal entry of August 19, 2002.
 {¶ 5} On March 10, 2003, appellant Shannon filed a motion for "post-judgment interest" (hereafter characterized as "post-settlement interest"). By entry filed April 14, 2003, the trial court denied the motion.
 {¶ 6} On appeal, appellants set forth the following single assignment of error for review:
The trial court erred in failing to award plaintiff-appellants post-settlement interest on the forty thousand dollar settlement entered into between the parties on April 12, 2002.
 {¶ 7} Under their single assignment of error, appellants argue that the trial court erred in failing to award post-settlement interest from April 12, 2002, though May 1, 2003. Appellants argue that such interest is mandated based upon the Ohio Supreme Court's decision in Hartmann v.Duffey (2002), 95 Ohio St.3d 456.
 {¶ 8} R.C. 1343.03 provides in part that, "when money becomes due and payable * * * upon any settlement between parties * * * and upon all judgments * * * of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum." InHartmann, supra, at 459, the court construed R.C. 1343.03 as follows:
* * * The plain language of R.C. 1343.03(A) states that money becomes due and payable "upon any settlement between parties." Thus, from this language, it is clear that the date of settlement is the accrual date for interest to begin to run. At the point of settlement, a settlement debt is created, and plaintiff becomes a creditor entitled to the settlement proceeds. Thus, the plaintiff is entitled to be compensated for the lapse of time between accrual of that right (the date of settlement) and payment.
 {¶ 9} In its entry denying appellants' motion for post-settlement interest, the trial court found Hartmann to be distinguishable, noting that in Hartmann "the validity of the settlement agreement was not at issue and further the date that the settlement became binding and interest began accruing was certain." The trial court further noted in its entry that there was no indication the probate court had, to date, approved a settlement agreement. The court held that, even if appellants "have now ratified the settlement and received the Probate Court's approval, it appears impossible for any post-judgment interest to have accrued" based upon the fact that appellee Gaal submitted a settlement draft to appellants' counsel "months ago."
 {¶ 10} Although not part of the record on appeal, both parties have represented in their appellate briefs that the probate court approved the settlement and distribution of the wrongful death proceeds (in the amount of $40,000) on June 6, 2003.[1] Appellants have also represented that, on May 1, 2003, appellant Tong withdrew her "repudiation" of the settlement agreement, and that the administrator endorsed the settlement draft and counsel for appellants negotiated the settlement draft on that date.
 {¶ 11} On appeal, appellants, who maintain that a valid settlement agreement was entered on April 12, 2002, do not dispute that appellee Gaal, through her insurance carrier, tendered a settlement check in the amount of $40,000 on April 25, 2002. Appellants also acknowledge that they did not negotiate the settlement check until May 1, 2003, because the administrator of the estate declined to endorse and finalize the settlement due to appellant Tong's "repudiation" of the April 12, 2002 settlement agreement. Appellants argue, however, that the fault of the administrator and Tong in failing to negotiate the settlement check and to finalize the settlement is not a consideration in determining whether a debtor is obligated to pay post-settlement interest. We disagree.
 {¶ 12} In general, as noted by the court in Hartmann, "`any statuteawarding interest has the * * * purpose of compensating a plaintiff for the defendant's use of money which rightfully belonged to the plaintiff.'" (Emphasis sic.) Id., at 459, quoting Musisca v. MassillonCommunity Hosp. (1994), 69 Ohio St.3d 673, 676. However, a debtor may stop the running of interest by a tender of unconditional payment in full of a judgment. Warren/Sherer Div. v. Store Equip. Co., Inc. (Sept. 27, 1984), Franklin App. No. 84AP-41. Further, interest may be extinguished by conduct of the creditor under principles of waiver and estoppel. Id. See, also, Moore v. Jock (1993), 90 Ohio App.3d 413, 416 (post-judgment interest permissible in the absence of evidence of plaintiff's waiver or conduct estopping him from claiming interest).
 {¶ 13} In Cohara v. Consol. Rail Corp. (2002), 148 Ohio App.3d 153, the parties settled a case in May of 1999, and defendant prepared a release and submitted it to plaintiff in furtherance of the settlement. Plaintiff, however, refused to sign the release, expressing "misgivings" about the settlement. Id. at 155. Plaintiff eventually signed a release in March 2001, and demanded interest on the settlement, which the trial court granted. On appeal, defendant argued that, because plaintiff was responsible for stalling the payment, he should not profit from the delay he induced. In Cohara, the appellate court agreed with defendant that the conduct of plaintiff delayed the settlement, and noted that there was no material difference between the release as originally submitted and the one plaintiff eventually signed. The court concluded that plaintiff was not entitled to pre-judgment interest during a period in which he was the party responsible for inducing the delay.
 {¶ 14} In the present case, we note that appellants' contention that they are entitled to post-settlement interest for the period at issue is predicated upon the existence of a valid settlement between the parties as of April 12, 2002. As indicated above, the record in this case includes a letter from appellant Tong to the trial court, in which Tong states that she never authorized her counsel to engage in a settlement. In general, "[a]bsent specific authorization, an attorney has no implied or apparent authority to compromise and settle his client's claims."Garrison v. Daytonian Hotel (1995), 105 Ohio App.3d 322, 326. Thus, in the event there was no authorization, we would agree with appellee that a valid settlement could not have occurred until appellant Tong withdrew her "repudiation," thereby precluding an award of post-settlement interest where appellees tendered a check prior to the actual settlement.
 {¶ 15} However, even assuming, as argued by appellants, the existence of a valid settlement agreement between the parties as of April 12, 2002 (and, thus, further assuming that appellants' counsel was authorized to settle the case), it is undisputed that appellee tendered a check for the full settlement amount shortly thereafter, and that appellants failed to negotiate the settlement draft at that time based upon appellant Tong's disavowal of a settlement and the decision of appellant Shannon to neither endorse the draft nor to apply to the probate court for approval of the settlement. It is also undisputed that, immediately after appellant Tong withdrew her objection to the settlement agreement, appellants' counsel negotiated the $40,000 settlement check and appellant Shannon agreed to endorse the check.
 {¶ 16} In asserting that issues of fault are irrelevant in determining whether an award of post-settlement interest should issue, appellants argue that they were deprived of the use of money to which they were otherwise rightfully entitled. However, the general claim that statutory interest is payable to an injured party "presumes that the party was not contributory in its conduct to the detention or denial of funds otherwise payable to that party." North Am. Specialty Ins. Co. v.Fort Defiance Const. Supply, Inc. (Apr. 7, 1994), Franklin App. No. 93APE09-1256. See, also, Quintel Corp. v. Citibank (1985),606 F. Supp. 898, 915 (one of principle purposes of allowing pre-judgment interest is to compensate plaintiff for inability to use money; where investor could have had use of money but refused offer of judgment, defendant should not be penalized for plaintiff's refusal of the tender). Thus, an injured party's failure "to accept the money at that time cannot be used against the party who in good faith tendered the money and had a right to expect in return a release." Fort Defiance,
supra. In the instant case, any delay in appellants' use of the settlement funds at the time of the agreement was attributable to their own conduct. Under such circumstances, we find, similar to the court inCohara, supra, that appellants should not profit from the delay they induced. See, also, Augustine v. N. Coast Limosine, Inc. (Aug. 10, 2000), Cuyahoga App. No. 76742 (appellant's unjustified refusal of tender resulted in a waiver of interest on this payment). Accordingly, we conclude that the trial court did not abuse its discretion in failing to award post-settlement interest.
 {¶ 17} Based upon the foregoing, appellants' single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BRYANT and SADLER, JJ., Concur.
[1] Appellants have attached to their appellate brief what purports to be a copy of the probate court's entry approving the settlement, filed June 6, 2003.