LAYNE, APPELLANT, *v.* PROGRESSIVE PREFERRED
INSURANCE COMPANY, APPELLEE.

[Cite as *Layne v. Progressive Preferred Ins. Co.,*
104 Ohio St.3d 509, 2004-Ohio-6597.]

(No. 2003–1447—Submitted June 9, 2004—Decided December 15, 2004.)

O'CONNOR, J.

{¶ 1} This case arises from an underlying suit brought by appellant, Allen R. Layne, against appellee, Progressive Preferred Insurance Company, seeking damages allegedly resulting from an automobile accident involving Layne and one of Progressive's insureds. A pretrial conference was held in that case on October 31, 2000. Although the parties differ on the nature and extent of the understanding reached at that pretrial conference, they agree that the parties' attorneys orally agreed to settle the case for $12,500. One week later, on November 7, 2000, Progressive's counsel sent Layne's counsel a settlement check in the amount of $12,500, a written agreement for Layne to sign, and a stipulation for dismissal and judgment entry. The agreement contained an integration clause that read: "[N]o promise, inducement or agreement not herein expressed has been made to [Layne], and * * * this release contains the entire agreement between the parties hereto."

{¶ 2} On November 15, 2000, Layne signed the agreement, striking through an indemnification provision. Layne's attorney signed the stipulation and returned the documents to Progressive. The stipulation was signed by the trial judge and filed on November 27, 2000.

{¶ 3} More than 18 months later, on June 12, 2002, Layne filed the case sub judice seeking statutory interest under R.C. 1343.03(A) on the $12,500 settlement for the period between October 31, 2000 and November 7, 2000, which would amount to approximately $24. Layne alleged that the parties had entered into an oral settlement agreement on October 31 and that the settlement amount was due and payable on that day. He argued that he was entitled to interest on the $12,500 for the seven days between the oral agreement and his receipt of

Progressive's check. Layne amended his complaint two days later, adding class action allegations and a claim for declaratory judgment.

{¶ 4} Progressive filed an answer denying the material allegations of Layne's complaint and denying that the settlement was entered into on October 31, 2000. Progressive argued that the settlement agreement was not formed until November 15, 2000, when Layne signed the written agreement.

{¶ 5} Both parties filed motions for summary judgment. The trial court denied Layne's motion for class certification, denied Progressive's motion for summary judgment, and granted Layne's motion for summary judgment and awarded statutory interest on the settlement. Progressive appealed from the entry of summary judgment in Layne's favor. Layne separately appealed from the denial of his motion for class certification. The appellate court addressed the appeals in one opinion.

{¶ 6} The appellate court reversed the trial court's grant of summary judgment and award of interest to Layne. The court determined that the November 15 written agreement signed by Layne contained an integration clause that nullified any prior oral agreement that may have existed between the parties. Having determined that Layne's argument for interest was without merit, the court held that Layne was not a member of the class he sought to certify. The trial court's denial of class certification was accordingly affirmed.

{¶ 7} This case is now before us pursuant to our acceptance of Layne's discretionary appeal.

{¶ 8} Layne's primary argument is that under R.C. 1343.03(A) the obligation to pay interest on a settlement is triggered on the settlement date, not the date a release of claims is signed. Layne relies upon our holding in *Hartmann v. Duffey,* 95 Ohio St.3d 456, 2002–Ohio–2486, 768 N.E.2d 1170, in which we stated, "Pursuant to R.C. 1343.03(A), a plaintiff who enters into a settlement agreement that has not been reduced to judgment is entitled to interest on the settlement, which becomes due and payable on the date of settlement." Id. at syllabus. Layne asserts that the appellate court's decision in this case flouted our holding in *Hartmann.* We disagree.

{¶ 9} Layne's assertion is misguided because it ignores a fundamental factual difference between *Hartmann* and this case. In *Hartmann,* it was undisputed that the parties had entered into a confidential settlement agreement on the first day of trial. *Hartmann* stands for the proposition that under R.C. 1343.03(A), interest begins to accrue on the settlement date. It does not speak to the determination of what constitutes the settlement date, which is the primary focus of this case.

{¶ 10} Layne urges this court to hold that he and Progressive entered into an agreement on October 31, 2000, and characterizes the November 15 agreement as a mere "release of claims." Progressive counters that the appellate court correctly held that the integration clause in the November 15 written agreement nullifies any prior oral agreement between the parties; that, therefore, no settlement agreement could have existed before that date; and that because Layne had been paid the settlement amount on November 7, he was entitled to no interest under R.C. 1343.03(A).

{¶ 11} We agree with Progressive and the appellate court that the integration clause in the November 15 agreement nullified the alleged October 31 oral agreement between the parties. " 'When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing.' " *Ed Schory & Sons v. Society Natl. Bank* (1996), 75 Ohio St.3d 433, 440, 662 N.E.2d 1074, quoting 3 Corbin, Corbin on Contracts (1960) 357, Section 573. Layne argues that when a release of claims containing an integration clause is silent or ambiguous on the issue, parol evidence may be offered to show the date of contracting. But the November 15 agreement is neither silent nor ambiguous as to the date of settlement. The November 15 agreement lists only November 15 as the date of agreement and makes no mention of any prior date of agreement. The integration clause only adds to Layne's problem with this argument—not only does the November 15 agreement fail to mention any other date of agreement between the parties, but it also bars the acknowledgment of any other such agreement that may have existed.

{¶ 12} Layne cautions that upholding the appellate court's decision would have "sweeping consequences" that would undermine the ability to settle disputes. We do not doubt that settlements are often orchestrated in the manner employed here, nor do we hold that plaintiffs who resolve disputes in this manner are absolutely precluded from obtaining interest on settlement amounts until a release of claims is signed. Rather, we hold fast to our statement in *Hartmann* that the accrual of interest from the date of settlement best serves the "public policy of promoting prompt payment of settlements, of fully compensating the plaintiff, of ensuring that the plaintiff receives the use of money that rightfully belongs to [him or] her, and of preventing a party from benefiting from its own delay." Id., 95 Ohio St.3d 456, 2002-Ohio-2486, 768 N.E.2d 1170, ¶ 10.

{¶ 13} Further, the parties to an oral agreement such as this one must be responsible for ensuring that the date of settlement, and the due and payable date, if different, are negotiated and agreed upon. Layne did not strike or

modify the integration clause, nor did he negotiate beforehand for a certain date on which interest would begin to accrue. He struck only the indemnification clause and chose not to negotiate any other term of the agreement. Instead, he signed a written release of claims on November 15 that included an integration clause nullifying the October 31 oral agreement. Layne is consequently not entitled to the roughly $24 of interest he seeks.

{¶ 14} Having determined that the appellate court decision on the motions for summary judgment was correct, we conclude that Layne's proposition of law regarding the class certification is moot.

Judgment affirmed.

MOYER, C.J., LUNDBERG STRATTON and O'DONNELL, JJ., concur.

PFEIFER, J., concurs with separate opinion.

RESNICK, J., concurs in judgment only.

F.E. SWEENEY, J., dissents.

---

**PFEIFER, J., concurring.**

{¶ 15} I concur that the integration clause in the written agreement in this case nullified the prior oral agreement between the parties. The court's holding here is thus consistent with our holding in *Hartmann v. Duffey*, 95 Ohio St.3d 456, 2002-Ohio-2486, 768 N.E.2d 1170, syllabus, that "a plaintiff who enters into a settlement agreement that has not been reduced to judgment is entitled to interest on the settlement, which becomes due and payable on the date of settlement." In the future, settling parties should be aware of what they are giving up in signing an integration clause.

{¶ 16} I would have used this case to institute a permanent, workable rule for the calculation of interest on settlements. The clock should not run on interest payments at the moment the last party says "O.K." Interest should accumulate on settlement amounts after a reasonable time has passed for administrative activities. This court should impose a seven-day period for the payment of settled claims without the calculation of interest. After that seven-day period, a settling payor would be liable for interest calculated back to the day of settlement. This rule would recognize the role of settlements in the administration of justice, allow for the practical realities of paperwork, and encourage cases to be settled and debts paid in an orderly manner.

The Okey Law Firm, L.P.A., Steven P. Okey; Landskroner Grieco, Ltd., and Jack Landskroner; Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, L.L.P., Frank J. Janacek Jr., Kevin K. Green, and Timothy Blood, for appellant.

Baker & Hostetler, L.L.P., Ernest E. Vargo, Ronald S. Okada, Brett A. Wall, and Bridget M. Brennan, for appellee.

Allen Schulman Jr. and Edward A. Icove, urging reversal on behalf of amici curiae Ohio Academy of Trial Lawyers and National Association of Consumer Advocates.

Frost Brown Todd L.L.C., Douglas R. Dennis and Maureen P. Haney, urging affirmance on behalf of amicus curiae Ohio Association of Civil Trial Attorneys.

Thompson Hine, L.L.P., and Alan F. Berliner, urging affirmance on behalf of amicus curiae Property Casualty Insurers Association of America.

Eastman & Smith Ltd. and M. Charles Collins, urging affirmance on behalf of amici curiae National Union Fire Insurance Company of Pittsburgh, PA and Commerce & Industry Insurance Company.

Baker & Hostetler, L.L.P., Mark A. Johnson and Rodger L. Eckelberry, urging affirmance on behalf of amici curiae Ohio Insurance Institute, State Farm Mutual Automobile Insurance Company, Cincinnati Insurance Company, and Westfield Insurance Company.