OPINION
{¶ 1} Plaintiff-appellant, Nancy Myers, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion of defendant-appellee, Bobcat Radio Services, Inc., to enforce settlement. For the following reasons, we reverse the judgment of that court.
 {¶ 2} On April 23, 2002, plaintiff filed a complaint in the Franklin County Court of Common Pleas, naming, among others, Bobcat Radio Services, Inc., and Alib Aboella as defendants. With respect to these two defendants, the complaint alleged causes of action for negligence and negligent entrustment.
 {¶ 3} On June 20, 2003, plaintiff moved the trial court to compel defendant Bobcat Radio Services, Inc., to abide by a settlement agreement between the parties. In particular, plaintiff asserted entitlement to interest at ten percent per annum on the settlement amount of $77,500 from the date of the settlement. On June 23, 2003, defendants Bobcat Radio Services, Inc., and Alib Aboella moved the trial court to compel plaintiff to abide by the terms of the settlement agreement between the parties. Defendants specifically moved for a court order compelling plaintiff to execute the "Release of All Claims and Dismissal Entry." On October 27, 2003, defendants filed a supplemental memorandum in support of their motion to enforce the settlement. In this memorandum, defendants argued that an accord and satisfaction occurred between the parties, and plaintiff is therefore not entitled to interest on the settlement proceeds. Defendants cited R.C. 1303.40 in support of their argument that plaintiff is not entitled to interest on the settlement proceeds. Defendants attached a copy of the front of a check payable to the order of Nancy Myers and attorney Scott Smith, in the amount of $77,500. On the face of the check is the language: "Full Final Release of Any All Claims Inclusive of All Liens." A copy of the back of the check is not in the record.
 {¶ 4} On June 23, 2003, a dismissal entry was signed by the trial court judge. The dismissal entry was filed on June 24, 2003. The dismissal entry states, "By agreement of the parties, and for good cause shown, it is hereby ORDERED that Plaintiffs' claims and causes of action are settled and hereby dismissed with prejudice. Outstanding interest and costs to Defendant Bobcat Radio Services, Inc."
 {¶ 5} On October 30, 2003, the trial court referred the matter to a magistrate, and the magistrate subsequently held a hearing on the motions to enforce. On November 20, 2003, the magistrate issued a decision granting defendants' motion to enforce the settlement agreement filed on June 23, 2003, and denying plaintiff's motion to enforce the settlement agreement filed on June 20, 2003.
 {¶ 6} In his decision, the magistrate found that the underlying personal injury lawsuit was settled on April 30, 2003. The magistrate recognized that the parties did not dispute that the settlement payment at issue became "due and payable" on May 10, 2003. (Magistrate's Nov. 20, 2003 decision, at 4.) The magistrate also made the following determination:
Hartmann [v. Duffey (2002), 95 Ohio St.3d 456] is distinguishable from the present case. In Hartmann, nothing in the court's recitation of the facts suggests that the settling parties had established a date on which the settlement payment became due and payable. Moreover, nothing in the case suggests that the payor had taken any steps to satisfy the settlement agreement prior to the payee's filing of a motion to enforce settlement. To the contrary, in the present case, Ms. Storck [defendants' counsel] took reasonable steps to ensure that Mr. Smith [plaintiff's counsel] received payment on or before May 10, 2003. She mailed the check to Mr. Smith's office four days before the payment became due and payable. Due to circumstances beyond her control, the first check never arrived at Mr. Smith's office.
This magistrate holds that when a settlement payment becomes due and payable on a date certain, and the payor takes reasonable steps to ensure that the payee receives such payment on or before the date certain, but the payment is not received by the date certain due to circumstances beyond the payor's control, interest does not accrue on the settlement payment.
Id. at 4-5. The magistrate accordingly denied plaintiff's motion to enforce settlement and granted defendants' motion to enforce settlement. The magistrate noted that defendants had argued that they were entitled to enforcement of the settlement agreement on the basis of the principle of accord and satisfaction. However, because the magistrate determined that defendants were entitled to enforcement of the settlement on other grounds, he declined to rule upon whether accord and satisfaction applied.
 {¶ 7} Plaintiff filed objections to the magistrate's decision granting defendants' motion to enforce the settlement agreement. On March 19, 2004, the trial court overruled plaintiff's objections and adopted the magistrate's decision.
 {¶ 8} On April 19, 2004, a judgment entry was filed, which granted the motion to enforce the settlement agreement of defendant Bobcat Radio Services, Inc. The trial court stated that "[t]he amount of outstanding interest referred to in the Dismissal Entry filed June 23, 2003 shall be zero ($0.00)." The court further provided that "counsel for the Plaintiff shall provide counsel for Defendants with a properly executed Release of All Claims within ten (10) days of the filing of this Entry."
 {¶ 9} Plaintiff appeals from this judgment and has asserted the following assignment of error:
The trial court erred in failing to properly apply Hartmann v. Duffey
(2002), 95 Ohio St. 3d 456, to the facts and circumstances of this case.
 {¶ 10} Under her assignment of error, plaintiff argues that Hartmann
is applicable to the facts of this case and that the magistrate's decision erroneously created an exception to R.C. 1343.03. Plaintiff argues entitlement to post-settlement interest for the period between April 30 and May 28, 2003. To the extent discussed below, we find plaintiff's assignment of error to be well-taken.
 {¶ 11} The applicable version of R.C. 1343.03(A) provided as follows:
In cases other than those provided for in sections 1343.01 and 1343.02
of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, uponany settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.
 {¶ 12} In Hartmann, the Supreme Court of Ohio held, "Pursuant to R.C.1343.03(A), a plaintiff who enters into a settlement agreement that has not been reduced to judgment is entitled to interest on the settlement, which becomes due and payable on the date of settlement." Id. at syllabus. The Hartmann court, at ¶ 10-11, agreed with the appellant's contention that "in the absence of a specific `due and payable' date, interest becomes `due and payable' on the date of settlement." Thus, we note that the date the money becomes due and payable is not necessarily the date of the settlement.
 {¶ 13} In Hartmann, the parties apparently did not expressly agree upon a date on which the settlement proceeds were due and payable. Consequently, the Hartmann court determined that, in view of the plain language of R.C. 1343.03(A), the money becomes due and payable on the date of the settlement.
 {¶ 14} Here, the trial court correctly distinguished the Hartmann case from this case. In the case at bar, the magistrate determined in his decision that was adopted by the trial court that the "due and payable" date was May 10, 2003, not the day of settlement (April 30, 2003). The record supports this finding, and therefore the trial court did not abuse its discretion in this regard. Moreover, plaintiff did not object to this finding of the magistrate. Thus, pursuant to R.C. 1343.03(A), plaintiff was not entitled to post-settlement interest for the period between April 30 and May 10, 2003, because the money was not due and payable until May 10, 2003.
 {¶ 15} Consequently, we must determine whether plaintiff was entitled to post-settlement interest for the period between May 10 and May 28, 2003. Preliminarily, we observe that the trial court correctly found that nothing in Hartmann indicated that the payor had taken steps to timely satisfy the settlement. The trial court determined that the payor in this case had taken "reasonable steps" to ensure that the payee received payment on or before May 10, 2003, because the payor had mailed the check to the payee four days before the payment became due and payable. For unknown reasons, this check was never received by plaintiff.[1] The trial court determined that under these facts, interest does not accrue on the settlement payment.
 {¶ 16} We must determine whether defendants' efforts in mailing the check four days prior to the date that the money was due and payable precludes the application of R.C. 1343.03(A), which would otherwise entitle plaintiff to interest for the period between May 10 and 28, 2003.
 {¶ 17} In the case at bar, the payee did not receive the payment she was entitled to, despite the "reasonable steps" of the payor to ensure that the payee received payment by the date certain that was agreed upon. R.C. 1343.03(A) makes it clear that a creditor in the context of a settlement between parties shall be entitled to interest on money that is rightfully his or hers. In view of its plain language, R.C. 1343.03 does not provide for a "good faith" or "reasonable steps" exception, and we are unwilling to impose one in this case.
 {¶ 18} Placing the onus on the payor to ensure that the payee receives the settlement payment when it is due and payable, or risk paying post-settlement interest, is consistent with the public policy cited inLayne v. Progressive Preferred Ins. Co., 104 Ohio St.3d 509,2004-Ohio-6597, "`of promoting prompt payment of settlements, of fully compensating the plaintiff, of ensuring that the plaintiff receives theuse of money that rightfully belongs to [him or] her, and of preventing a party from benefiting from its own delay.'" (Emphasis added.) Id. at ¶ 12, quoting Hartmann.
 {¶ 19} Based on the foregoing, we conclude that the trial court erroneously granted defendants' motion to enforce settlement and denied plaintiff's motion to enforce settlement on the basis that interest does not accrue on the settlement payment if the payor takes reasonable steps to ensure that the payee receives such payment by the date certain, and if the payee does not receive the payment by the date certain due to circumstances beyond the payor's control.
 {¶ 20} Defendants have argued that plaintiff's negotiation of the settlement check constituted an accord and satisfaction. As to the possible application of the doctrine of accord and satisfaction in this case, the trial court expressly declined to reach the issue. Considering the trial court did not reach this issue, we decline to analyze whether plaintiff is precluded, on the basis of accord and satisfaction, from recovering the post-settlement interest for the period between May 10 and May 28, 2003.
 {¶ 21} Because the trial court erroneously granted defendants' motion to enforce the settlement and denied plaintiff's motion to enforce the settlement on grounds that are contrary to R.C. 1343.03(A), we sustain plaintiff's assignment of error. Accordingly, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
Brown, P.J., and Lazarus, J., concur.
[1] Although plaintiff did not receive the original settlement check, plaintiff received a settlement payment in the amount of $77,500 on May 28, 2003, when a new check was hand-delivered to the office of plaintiff's counsel. The trial court found that this check was negotiated by plaintiff's attorney and/or plaintiff in June 2003.