COLON, Appellee,

v.

CITY OF CLEVELAND et al., Appellants.

[Cite as *Colon v. Cleveland,* 164 Ohio App.3d 323, 2005-Ohio-6014.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 85964.

Decided Nov. 10, 2005.

Dickson, Campbell & Freeman and Blake A. Dickson, for appellee.

Teresa M. Beasley, Cleveland Director of Law, and Gary S. Singletary, Scott J. Davis, and Thomas L. Anastos, Assistant Directors of Law, for appellants city of Cleveland.

COLLEEN CONWAY COONEY, Judge.

{¶ 1} Defendant-appellant, the city of Cleveland ("city"), appeals the trial court's decision enforcing an oral settlement agreement and granting post-judgment interest to plaintiff-appellee, Fernando Colon. Finding merit to the appeal, we reverse.

{¶ 2} In 1998, Colon was injured while trying to open a rolling door at a building owned by the city. Colon filed suit, and the city filed a cross-claim against Europe Rolling Shutters & Security, Inc., et al. ("Europe").[1] On February 27, 2003, at the final pretrial, the parties agreed on a settlement amount of $20,000; $17,500 was to be paid by the city. On the same day, the parties and trial judge signed a stipulation for dismissal and judgment entry, which stated, "[C]ase settled and dismissed at defendant's costs." Less than one week later, Europe sent Colon a release-of-all-claims settlement form. The release contained a confidentiality clause, to which Colon refused to agree, arguing that the clause was not part of the settlement discussion.

{¶ 3} In May, the city sent Colon its own release form, which also contained a confidentiality clause. Colon responded by changing the terms of the form to exclude the confidentiality clause. The city countered by offering to limit the confidentiality clause if Colon would waive his claim to interest on the settlement. Colon refused to waive his claim for interest.

{¶ 4} In December 2003, the Cuyahoga County Common Pleas Court, Domestic Relations Division, issued an order prohibiting the city from disbursing a settlement check to Colon because he was in arrears on his child-support payments.

---

1. Europe is not a party to this appeal.

{¶ 5} In May 2004, Colon filed a motion to enforce the oral settlement agreement. The trial court granted the motion and ordered the city to pay the settlement amount plus interest at the rate of ten percent per annum.

{¶ 6} On September 24, 2004, Colon signed the release-of-all claims form, which was then signed by the city law director. Under the terms of the release, the city agreed to pay Colon $17,500 in exchange for Colon's releasing the city and its agents from any liability in the underlying lawsuit. The final agreement did not include the disputed confidentiality clause, but did contain a standard integration clause. The city immediately issued the settlement check for the agreed upon amount minus the sum Colon owed in child support.

{¶ 7} In January 2005, Colon moved to enforce payment of interest from February 2003 through September 2004. The court scheduled a hearing on the issue, which the parties waived. The court then entered judgment against the city and ordered the city to pay Colon $20,357.53, which included both the settlement amount it had already paid plus ten percent interest dating back to February 27, 2003.

{¶ 8} The city now appeals, raising five assignments of error. In its first assignment of error, the city argues that the trial court erred when it granted Colon's motion to enforce the oral settlement agreement and for interest because, as a matter of law, there was no enforceable agreement until Colon and the city signed the release in September 2004. Thus, we must decide whether the trial court erred when it found that the date of the settlement was February 27, 2003, instead of September 24, 2004.

{¶ 9} Initially, we address the standard of review to be applied to a ruling on a motion to enforce a settlement agreement. The issue is a question of contract law, so we must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law. The standard of review is whether the trial court erred. *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.* (1996), 74 Ohio St.3d 501, 660 N.E.2d 431. Accordingly, the question before us is whether the trial court erred as a matter of law in granting the motion to enforce the February 2003 oral settlement agreement.

{¶ 10} R.C. 1343.03(A) governs the award of postjudgment interest and states:

[W]hen money becomes due and payable * * * upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of * * * a contract or other transaction, the creditor is entitled to interest * * *.

{¶ 11} Colon relies on the Ohio Supreme Court's decision in *Hartmann v. Duffey*, 95 Ohio St.3d 456, 2002-Ohio-2486, 768 N.E.2d 1170, to support his claim

that he was entitled to interest beginning in February 2003. In *Hartmann,* the court stated that, pursuant to R.C. 1343.03(A), the date of settlement is the accrual date for interest to begin to run. Id. at ¶ 11. Thus, as a matter of law, a plaintiff will be compensated for the lapse of time between accrual of that right and payment. Id.

{¶ 12} The Ohio Supreme Court later discussed *Hartmann* in *Layne v. Progressive Preferred Ins. Co.,* 104 Ohio St.3d 509, 2004-Ohio-6597, 820 N.E.2d 867. The court distinguished *Hartmann,* which did not involve any dispute between the date of settlement and the date interest began to accrue. In *Layne,* as in the case at bar, the date of the settlement agreement was at issue.

{¶ 13} In *Layne,* the parties orally agreed to a settlement amount. Id. at ¶ 1. Two weeks later, the parties signed a written agreement that contained an integration clause. Id. Layne argued that the obligation to pay interest on the settlement was triggered on the settlement date, not the date they signed the release. Id. The court disagreed and held that an integration clause in a written agreement nullifies any prior oral agreement. Id. at ¶ 11. The court explained:

> When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing.

Id., citing *Ed Schory & Sons v. Society Natl. Bank* (1996), 75 Ohio St.3d 433, 440, 662 N.E.2d 1074, quoting 3 Corbin, Corbin on Contracts (1960) 357, Section 573.

{¶ 14} We find the facts in *Layne* analogous to the instant case. In the case sub judice, the integration clause is almost identical to that found in *Layne* and states in pertinent part:

> Releasor understands and represents that no promise, inducement, or agreement not expressly stated in this Release has been made to them, and that the Release contains the entire agreement between the parties * * *.

{¶ 15} The release is dated September 24, 2004, and is signed by Colon and the city's law director. The release fails to mention any other date of agreement between the parties or any terms regarding the payment of postjudgment interest. Therefore, we find that the integration clause in the agreement bars the acknowledgment of any other agreement, oral or otherwise, that may have existed. See *Layne,* supra.

{¶ 16} We note Colon's predicament. He thought he had finally reached an agreement with the city in February 2003, almost five years after he was injured. Then it took more than a year to receive his settlement check because he objected to the confidentiality clause. He filed a motion with the trial court seeking enforcement of the oral settlement agreement. The court granted his

motion, which put the oral settlement agreement into effect. See *Fisco v. H.A.M. Landscaping,* Cuyahoga App. No. 80538, 2002-Ohio-6481, 2002 WL 31667300 (holding that an oral settlement agreement may be enforceable if there is sufficient particularity to form a binding contract); *Tepper v. Heck* (Dec. 10, 1992), Cuyahoga App. No. 61061, 1992 WL 369283 (holding that an oral settlement agreement was enforceable when the parties had agreed on all major issues).

{¶ 17} Colon, however, signed a written agreement that contained an integration clause. There is no evidence that Colon asked to strike or modify the integration clause.[2] In addition, the record contains evidence that the delay in reaching a final agreement was at least partly Colon's fault because he took more than four months to respond to the city's request to negotiate the confidentiality clause.

{¶ 18} The city argues that it is prohibited from entering into any contract without the express authorization of its law director; therefore, it could not settle Colon's claim until the release of all claims was executed and signed by the law director.[3] We need not reach the merits of this argument, however, because any oral agreement the parties may have had in February 2003 was nullified by the subsequent written agreement.

{¶ 19} In accordance with *Layne,* we find that the obligation to pay interest on the settlement was triggered when the parties executed the release of all claims on September 24, 2004. Therefore, the trial court erred when it ordered the city to pay interest in the amount of $2,857.53. Furthermore, we find that the city owes no interest because it tendered the settlement check on the same day the parties signed the release.

{¶ 20} The first assignment of error is sustained. The remaining assignments of error involve the delay in signing the settlement agreement, the specifics of the judgment entry, and the amount of interest owed. Because we sustain the city's first assignment of error, we need not reach the merits of the remaining arguments which are moot.

{¶ 21} Accordingly, the judgment of the trial court is reversed.

Judgment reversed.

CELEBREZZE, P.J., and KILBANE, J., concur.

---

2. The final settlement agreement was a modified version of the original because the city agreed to limit the confidentiality clause and eventually struck it completely. If Colon believed he was entitled to interest on the settlement, he could have asked to strike the integration clause or included the postjudgment interest in the final version of the agreement.

3. R.C. 705.11 states that the city law director shall prepare all the municipality's contracts in writing and no contract can take effect until the law director signs that contract.