**D & M PAINTING CORPORATION, Appellee and Cross–Appellant,**

v.

**CITY OF PERRYSBURG, Appellant and Cross–Appellee.**

[Cite as *D & M Painting Corp. v. Perrysburg,* 186 Ohio App.3d 231, 2010-Ohio-465.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–09–033.

Decided Feb. 12, 2010.

C. Drew Griffith, Ericson P. Kimbel, and A. Michael Gianantonio, for appellee and cross-appellant.

Theodore M. Rowen, Anastasia K. Hanson, and Matthew Beredo, for appellant and cross-appellee.

HANDWORK, Judge.

{¶ 1} This case is before the court on appeal from the judgment of the Wood County Court of Common Pleas, which, on March 17, 2009, granted summary judgment in favor of appellee and cross-appellant, D & M Painting Corporation ("D & M"), against appellant and cross-appellee, the city of Perrysburg, in the amount of $31,756.50, plus interest. For the reasons that follow, we reverse the judgment of the trial court.

{¶ 2} On appeal, the city raises the following assignments of error:

{¶ 3} "1. The trial court erred in denying the city's request for summary judgment and in failing to enforce the unambiguous terms of the parties' settlement agreement.

{¶ 4} "2. The trial court erred in granting plaintiff's request for summary judgment and in relying on extrinsic evidence in the interpretation of the parties' contract.

{¶ 5} "3. The trial court erred in granting plaintiff's request for summary judgment and in resolving a genuine issue of material fact on which the city had introduced evidence in support of its position."

{¶ 6} In its cross-appeal, D & M raises the following assignments of error:

{¶ 7} "1. The trial court erred when it refused to award attorneys' fees to cross-appellant/appellee.

{¶ 8} "2. The trial court erred when it refused to hold a hearing to determine if attorneys' fees should have been awarded pursuant to R.C. 2323.51."

{¶ 9} On June 21, 2006, the parties entered into a contract ("the contract") whereby D & M was to paint and rehabilitate one of the city's water towers. The original amount due D & M pursuant to the contract was $328,120; however, during the course of the contract period, the amount was reduced to $317,565. Eventually, a dispute arose between the parties regarding the city's payment under the agreement and D & M's performance of the work. On July 24, 2007, the parties entered into a settlement agreement and mutual release ("the agreement") regarding their conflicts pursuant to the contract. The parties mutually released any claims they had against the other party concerning the contract. In particular, the settlement stated:

{¶ 10} "**Entire Agreement**

{¶ 11} "This Agreement constitutes the full and complete agreement between the Parties with respect to its subject matter. Except as otherwise expressly provided herein, this Agreement supersedes all prior agreements, understandings and discussions relating to the claims raised. There are no representations, agreements, arrangements, or understandings oral or written, concerning the subject matter hereof between the parties which are not fully expressed or incorporated by reference herein. This Agreement may be amended, modified or waived only by an agreement in writing signed by all parties."

{¶ 12} The settlement terms were stated in their entirety as follows:

{¶ 13} "**Consideration of the Parties**

{¶ 14} "a. In consideration of the mutual promises set forth in this Agreement and the releases set forth in Paragraphs 1 and 2 above, the City will pay to D & M a one-time, lump sum payment in the amount of $30,000.00 in good funds as consideration for this Agreement and the resolution of the Dispute. This $30,000.00 does not include the retainage currently being held by the City.

{¶ 15} "b. The Owner shall retain 5% of the contract bid price until after the eleventh month warranty inspection. Should the delivered materials and/or equipment and workmanship differ in any respect from the specifications, payment will be withheld until such time as supplier or Contractor takes necessary corrective action. If the proposed corrective action is not acceptable to the Owner, final acceptance of the equipment or work may be refused, in which case the nonconforming materials and/or equipment shall remain the property of the supplier, and the Owner shall not be liable for payment of any portion thereof. D & M and the City further agree that the anniversary testing for the subject water tank will be on or before November 30, 2007 and that all attempts will be made to move the anniversary testing to a date earlier than November 30, 2007.

{¶ 16} "c. The City, based upon the recommendation of Norman Noe, allegedly asserted liquidated damages against D & M on the Project for certain allegations regarding performance and time of performance. As additional consideration for this Agreement, the City has agreed to waive these asserted liquidated damages and the total sum of $30,000.00 will be paid to D & M in one lump sum as set forth above without any set-offs or deductions, which $30,000.00 does not include the current amount being held as retainage by the City.

{¶ 17} "d. It is specifically acknowledged that the above consideration and the discontinuance of D & M's claims are sufficient consideration to induce the parties to enter into this Agreement and the parties accept such consideration in full and final settlement of the Dispute."

{¶ 18} Despite the parties' settlement, on April 9, 2008, D & M sued the city for $31,756.50, alleging breach of contract and unjust enrichment. Relying on correspondence dated December 26, 2006, prior to the date of the parties' agreement, D & M claims that the city retained $31,756.50 from the original contract price and that this was the amount owed to D & M following the November 2007 warranty inspection of the water tank. The city, however, counterclaimed and sought a declaration that the amount owed D & M totaled $15,878.25, representing "5% of the contract bid price [of $317,565]."

{¶ 19} Each party filed a motion for summary judgment. In its March 17, 2009 judgment entry, the trial court noted that the parties agreed that the terms of the agreement are clear and unambiguous. Nevertheless, the trial court held that the amount due D & M following the warranty inspection was "the amount that was retained," rather than five percent of the contract price. The trial court further held that introduction of correspondence outside of the agreement did not invoke the parol-evidence rule because "plaintiff is not attempting to introduce evidence that would vary the terms of the agreement, rather plaintiff's evidence is offered to show that the defendant retained 10% of the contract price instead of the 5% that is called for in the agreement."

{¶ 20} In reviewing a motion for summary judgment, we must conduct a de novo review and grant summary judgment only if there "is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). This case concerns the effect of the terms of the settlement agreement entered into on July 24, 2007, between the parties.

{¶ 21} The construction of written contracts is a matter of law, and courts must give common words in a written instrument their plain and ordinary meaning "unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, paragraphs one and two of the syllabus. "In arriving at the meaning of any part of the contract, the instrument must be read in its entirety in order to give effect to the intention of the parties." *Cooper Tire & Rubber Co. v. Warner Mechanical Corp.*, 3d Dist. No. 5-06-39, 2007-Ohio-1357, 2007 WL 881499, ¶ 10, citing *Stocker & Sitler, Inc. v. Metzger* (1969), 19 Ohio App.2d 135, 142, 48 O.O.2d 254, 250 N.E.2d 269. When contract terms are clear and unambiguous, an appellate court cannot in effect create a new contract by finding an intent not expressed in the clear and unambiguous language used by the parties. *Alexander* at 246, 7 O.O.3d 403, 374 N.E.2d 146.

{¶ 22} In this case, the agreement clearly states that unless otherwise expressly stated, the terms of the agreement supersede all prior agreements, understandings, and discussions relating to the claims raised, and that there are no other "representations, agreements, arrangements, or understandings oral or written, concerning the subject matter hereof between the parties which are not fully expressed or incorporated by reference herein." The agreement states that the city "shall retain 5% of the contract bid price until after the eleventh month warranty inspection," at which time the city will pay the retained amount to D & M so long as the work is completed in compliance with the city's specifications.

{¶ 23} D & M, however, claims that "the current amount being held as retainage by the city" was more than five percent of the contract bid and therefore D & M is entitled to whatever amount the city was "retaining" at the time the parties entered into the agreement. We disagree. The terms of the contract are clear and unambiguous. According to its terms, the agreement supersedes any prior agreements or arrangements and is an all-encompassing document concerning the considerations being made by each party.

{¶ 24} Nowhere does the agreement state that the city will pay D & M an unspecified amount of money that is being retained by the city. Rather, the agreement is specific that the city would pay D & M a one-time, lump-sum payment of $30,000 and five percent of the contract bid price following a

successful inspection. When read within the context of the entire agreement, the language that the "$30,000.00 does not include the retainage currently being held by the City," merely clarifies that D & M is still owed five percent of the contract bid price above and beyond the $30,000 lump-sum settlement payment. If D & M believed it was entitled to an additional ten percent of the contract bid price, then it should have negotiated for such at the time of the settlement agreement. However, as the terms of the contract state, in addition to the $30,000 lump-sum payment, the city is required to pay D & M only five percent of the contract bid price upon a successful inspection, which totals $15,878.25.

{¶ 25} Accordingly, we find that the trial court erred in awarding D & M $31,756.50, plus interest. Rather, we find that reasonable minds can only conclude that as a matter of law, the outstanding amount owed to D & M by the city is $15,878.25, which equals five percent of the contract bid price. Therefore, the city's assignments of error are well taken.

{¶ 26} D & M argues in its assignments of error that the trial court erred in refusing to award attorney fees and/or hold a hearing pursuant to R.C. 2323.51 to determine if attorney fees should be awarded. D & M asserts that it is entitled to recover because it was forced to incur litigation expenses when the city wrongfully refused to pay D & M $31,756.50 pursuant to the settlement agreement.

{¶ 27} We, however, find that the city stated in its May 7, 2008 answer that it was "currently holding retainage in the amount of Fifteen Thousand Eight Hundred Seventy–Eight and 25/100 Dollars ($15,878.25), * * * which it is ready, willing, and able to pay to Plaintiff in full satisfaction of the terms and provisions of the Settlement Agreement." Thus, because the city was ready to pay the amount owed pursuant to the settlement agreement at any time and because we have found that D & M was entitled to only $15,878.25 pursuant to the settlement agreement, we find that the city did not breach its agreement with D & M, the city's defense against D & M's claims was not frivolous, and the city did not cause D & M to incur litigation expenses. Accordingly, D & M is not entitled to attorney fees. D & M's assignments of error are therefore not well taken.

{¶ 28} On consideration whereof, the court finds that substantial justice has not been rendered to the city and hereby reverses the judgment of the Wood County Court of Common Pleas that awarded $31,756.50, plus interest, to D & M. Pursuant to App.R. 12(B), this court declares that pursuant to the parties' settlement agreement, judgment is entered in favor of D & M Painting Corporation, against the city of Perrysburg, in the amount of $15,878.25. D & M is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

PIETRYKOWSKI and SINGER, JJ., concur.