[Cite as *Zimmerman v. Bowe*, 2019-Ohio-2656.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Joel R. Zimmerman, et al.                     Court of Appeals No.  L-18-1200

    Appellants                            Trial Court No.  CI0201703587

v.

Carolina E. Bowe, et al.                      **DECISION AND JUDGMENT**

    Appellees                             Decided: June 28, 2019

* * * * *

Patrick R. Millican, for appellants.

Sheila A. McKeon and Joseph S. Center, for appellees.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which denied appellants' motion to enforce settlement.  For the reasons set forth below, this court affirms the judgment of the trial court.

**{¶ 2}** On August 3, 2017, and as amended by leave of court on November 30, 2017, plaintiffs Joel R. Zimmerman and Kathleen M. Zimmerman (hereafter, the "appellants") filed a complaint in Lucas County Common Pleas Court against defendants Carolina E. Bowe, Mary L. Bowe, Patrick E. Bowe (hereafter, the "appellees"), and co-defendant Paramount Insurance Company. Appellants alleged on July 21, 2016, Carolina E. Bowe negligently drove a vehicle in Monclova Township, Lucas County, Ohio, and collided with the vehicle driven by Joel R. Zimmerman, causing various damages, including permanent personal injuries. Appellants further alleged loss of consortium for Joel R. Zimmerman's wife, Kathleen M. Zimmerman. Appellants further alleged Mary L. Bowe and Patrick E. Bowe negligently entrusted the vehicle they owned to their daughter, Carolina E. Bowe. Appellants further alleged Joel R. Zimmerman's health care insurer's plan administrator, Paramount Insurance Co., had a claim of subrogation to appellants' claims. The relief appellants sought included damages "in the amount of at least Twenty Five Thousand ($25,000.00) Dollars plus interest and costs and all other and further relief as this Court determines Plaintiffs are entitled to in law or in equity."

**{¶ 3}** Following a period of pleadings involving various answers and cross- and counter-claims by Paramount Insurance Co. and discovery efforts among the parties, the trial court held a status conference on June 18, 2018. While no transcript of the telephone conference is in the record, the trial court's June 20, 2018 journalized order states:

2.

This matter is before the Court for Telephone Conference. Present were Counsel for Plaintiff, PATRICK MILLICAN, and Counsel for Bowe Defendants, SHEILA MCKEON. Parties reported to the Court that they had entered into a settlement agreement. However, Plaintiffs' Counsel has reported they do not intend to sign the Defendants' Release, requested by Defendants. It is therefore ORDRED that the parties brief the issue, as to whether a release is required. Defendant is to file her Brief on or before July 18, 2018. Plaintiff shall respond to Defendants' Brief, in accordance with the Local Rule. It is further ORDERED that Attorney Millican shall hold in good faith, any settlement check(s) issued to Plaintiffs until further order of this Court. It is further ORDERED that interest shall not accrue during the pendency of this case. (Emphasis sic.)

{¶ 4} Prior to any briefing as ordered by the trial court, on June 28, 2018, appellants filed a motion to enforce the settlement agreement they claimed occurred on June 5, 2018. According to appellants, the settlement agreement had three parts: appellees to pay appellants $38,000; appellees to pay Paramount Insurance $2,000; and "The claims of all parties are to be dismissed with prejudice at Defendants (sic) costs." Separately, appellants argued they were entitled to interest accrual on the settlement funds from June 5, 2018, until paid in full. In the accompanying affidavit by appellants' attorney, "The Plaintiffs have not received their settlement proceeds as of this date."

3.

{¶ 5} Appellees opposed the motion on July 19, 2018, and Paramount Insurance Co. did not.  Appellees argued only some terms of the litigation were settled on June 5, 2018.  Appellees argued a settlement occurred only after they waived the requirement of a release on July 5, 2018: "We will forego a release and rely on the dismissal with prejudice."  Also on July 5, 2018, appellees delivered to appellants' attorney two checks: one for $38,000, and one for $87.60 for interest.  Appellees argued they paid interest in good faith "at 4% per annum for 21 days" plus a slightly greater amount "to allow for normal turnaround time for process and receipt of the check," even though the trial court's June 20, 2018 order stated no interest would accrue.

{¶ 6} Following appellants' reply on July 27, 2018, on August 28, 2018, the trial court journalized its order on appellants' motion to enforce settlement in which it stated:

> The Court has reviewed the relevant pleadings, the record in the case, the parties' supporting and opposing arguments, and the applicable law. Having done so, the Court finds the Defendants have already complied with the terms of the parties' settlement by delivering settlement checks to Plaintiffs' attorney and to Defendant Paramount Insurance Company's attorney on or about July 5, 2018.  Therefore, no issues remain for the Court to resolve, and Plaintiffs' motion will be denied as set forth in the following Journal Entry. JOURNAL ENTRY. It is ORDERED that "Plaintiffs' Motion to Enforce Settlement," filed June 28, 2018, is

4.

DENIED. It is further ORDERED that Plaintiffs are authorized to cash the $38,000 and $87.60 settlement checks being held by their attorney, Patrick R. Millican. It is further ORDERD that this case is SETTLED. It is further ORDERED that Plaintiffs' Complaint against Defendants * * * and Defendant Paramount Insurance Company's Counterclaim against Plaintiffs and Cross-Claim against Defendants Carolina E. Bowe, Mary L. Bowe, and Patrick E. Bowe * * * are DISMISSED WITH PREJUDICE, at Defendant Carolina E. Bowe's costs. (Emphasis sic.)

{¶ 7} Appellants then filed this appeal setting forth three assignments of error:

I. The trial court erred in finding that the Defendants had already complied with the terms of the parties' settlement agreement.

II. The trial court erred in ordering that interest shall not accrue during the pendency of the case.

III. The trial court erred in denying Plaintiff's (sic) Motion to Enforce Settlement.

{¶ 8} We will address appellants' third assignment of error first, as the challenge to the trial court's decision denying appellants' motion to enforce settlement of the subject litigation is dispositive to the remaining assignments of error.

{¶ 9} "'To establish a breach of a settlement agreement, the party alleging the breach must prove: 1) existence of the [s]ettlement [a]greement, 2) performance by the

5.

[nonbreaching party], 3) breach by the [other party], [and] 4) resulting damages or loss to the [nonbreaching party].'" *Savoy Hosp., LLC v. 5839 Monroe St. Assocs. LLC*, 6th Dist. Lucas No. L-14-1144, 2015-Ohio-4879, ¶ 26, quoting *Raymond J. Schaefer, Inc. v. Pytlik*, 6th Dist. Ottawa No. OT-09-026, 2010-Ohio-4714, ¶ 24. The burden of proof for each element is by a preponderance of the evidence on the party seeking to enforce the settlement agreement. *Id.*

{¶ 10} If appellants fail to meet their burden for any of the elements for a motion to enforce settlement, then the trial court's denial of appellants' motion was proper. The first element requires appellants to establish by a preponderance of the evidence a settlement agreement existed with appellees. "[P]reponderance of evidence means the greater weight of evidence. * * * The greater weight may be infinitesimal, and it is only necessary that it be sufficient to destroy the equilibrium." *Travelers' Ins. Co. v. Gath*, 118 Ohio St. 257, 261, 160 N.E. 710 (1928).

{¶ 11} We review de novo as a question of law a trial court's decision on a motion to enforce settlement of whether a settlement agreement exists as a contract between the parties to terminate a claim by preventing or ending litigation. *Marine Max of Ohio, Inc. v. Moore*, 6th Dist. Ottawa No. OT-15-033, 2016-Ohio-3202, ¶ 14; *Savoy Hosp.* at ¶ 30. Settlement agreements are "a particularized form of a contract" and enforceable by either party. *Ohio Turnpike Comm. v. Alexanderian*, 6th Dist. Wood No. WD-05-060, 2006-Ohio-4301, ¶ 11. The law highly favors settlement agreements. *Id.* Where a settlement

6.

agreement constitutes a binding contract, the trial court has authority to enforce a settlement agreement in pending litigation. *Savoy Hosp.* at ¶ 23.

{¶ 12} In meeting our primary objective of ascertaining the intent of the parties, we examine the language that they chose to employ. *Id.* at ¶ 29. If the disputed language is plain and unambiguous, we do not need to look beyond that language to determine the rights and obligations of the parties, and interpretation of the agreement is a matter of law. *Id.* at ¶ 30.

{¶ 13} If the language is ambiguous such that the language is unclear, indefinite, and reasonably subject to dual interpretations, we look to whether the ordinary meaning of common words can be applied unless a manifest absurdity results or some other meaning is clearly evidenced from the overall agreement. *Id.* at ¶ 29. Resolution of an ambiguity to determine the intent of the parties to the agreement is a question of fact. *Id.* at ¶ 31. We will not reverse the trial court's factual determinations so long as some competent, credible evidence supports it. *Id.* "Competent evidence is admissible evidence for the purpose of proving a relevant fact." *Hall v. Hall*, 6th Dist. Sandusky No. S-18-011, 2018-Ohio-4453, ¶ 8. "Credible evidence means evidence found worthy of being believed." *Id.*

{¶ 14} Settlements are preferred to be in writing. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 15. However, oral settlement agreements

7.

may be enforceable where the words, deeds, acts, and silence of the parties indicate there is sufficient particularity to form a binding contract. *Id.*

{¶ 15} A contract must contain the essential elements of offer, acceptance, contractual capacity, consideration, a manifestation of mutual assent, and legality of object and of consideration. *Id.* at ¶ 16. To be enforced, there must be a meeting of the minds as to the essential elements of the contract. *Id.* We will not create a new contract on appeal by finding an intent not clearly and unambiguously found in the language used by the parties. *D & M Painting Corp. v. Perrysburg*, 186 Ohio App.3d 231, 2010-Ohio-465, 927 N.E.2d 60, ¶ 21 (6th Dist.).

{¶ 16} Appellants argue the three essential terms of settlement with appellees occurred on June 5, 2018: (1) appellees to pay appellants $38,000; (2) appellees to pay Paramount Insurance Co. $2,000; and (3) dismissal with prejudice at appellees' costs. Appellants acknowledge on July 5, 2018, checks were delivered by appellees totaling $38,087.60. Appellants argue that payment was due when they reached settlement on June 5, 2018, and that statutory interest accrued from June 5, 2018, until the trial court's August 28, 2018 order when the trial court authorized the July 5, 2018 checks could be cashed. Appellants calculated the total interest owed pursuant to R.C. 1343.03 was $349.81, of which appellees paid $87.60, leaving $262.21 unpaid.

{¶ 17} However, in addition to appellants arguing appellees failed to pay sufficient accrued interest, appellants argued, "At the time that the two settlement checks were

8.

delivered to Plaintiff's attorney, no dismissal entry was sent to him or filed with the court." It is unclear in the record where the parties agreed as part of settlement terms on June 5, 2018, it was appellees' responsibility to prepare and file the dismissal with prejudice. Where appellees did not file in the record any counterclaims against appellants, it is unclear what dismissal with prejudice appellees could have filed without appellants' cooperation.

{¶ 18} Appellees disagree that the essential terms of a settlement agreement occurred on June 5, 2018: "June 5, 2018, did not mark the day that settlement was finalized, but only the date on which certain terms, including the settlement value, but not all terms, were finalized." Appellees argue they never reached agreement with appellants regarding the essential term of when the settlement payment was due and payable. Appellees argued payment was not due until appellants agreed to sign a release: "no interest was due on the settlement because there was no settlement while the release issue was undecided." Appellees argue a binding settlement agreement was not reached with appellants until July 5, 2018, when payment was delivered to appellants or, alternatively, on August 28, 2018, when the trial court ordered the litigation settled.

{¶ 19} We review the entire record for the chronological development of settlement communications.

{¶ 20} The record shows appellants relied on the June 25, 2018 affidavit of their attorney accompanying their motion to enforce settlement. Their attorney averred

9.

"Exhibit 1 and Exhibit 2 contain the negotiations of all parties to this lawsuit of a settlement agreement and acceptance of the terms and conditions of the settlement agreement."

{¶ 21} Exhibit 1 was an email dated May 17, 2018 from appellees' attorney to appellants' attorney stating, "Patrick, based upon our conversation at your client's deposition where you reiterated your settlement demand of $40,000, we have a deal. * * * Please let me know how the settlement check to your client should be made payable. Please also provide me with a W-9 for your firm if you are to be included on the check."

{¶ 22} Exhibit 2 was an email chain beginning on May 18, 2018. On that date, appellees' attorney emailed appellants' attorney stating, "Do we have a problem with the settlement? * * * If we don't have a settlement, please let me know so I can proceed accordingly."

{¶ 23} On May 22, 2018, appellants' attorney responded to appellees' attorney, "I am in the process of contacting my client on your proposal. * * * However, my client never agreed [the $2,000 for Paramount Insurance Co.] would be deducted from his $40,000.00 demand. Also I have not seen any proposed dismissal with prejudice order at defendant Bowe's costs for the parties to sign." On that date, appellees' attorney emailed appellants' attorney stating, "Obviously, I disagree with your interpretation of events. * * * If you want to take the position that your client did not agree to pay Paramount, then there is clearly no deal. I didn't send you a proposed dismissal because I have no

10.

confirmation of a settlement. Any settlement would be with prejudice at defendants' costs."

{¶ 24} On June 5, 2018, appellants' attorney responded to appellees' attorney, "My clients accepted the settlement, with a dismissal with prejudice as to all parties, at defendants' costs. The check should be made out to Joel Zimmerman and Kathleen Zimmerman." On that date, appellees' attorney emailed appellants' attorney asking, "Are you to be included in the check? If so, I will need a W-9." And appellants' attorney responded, "No."

{¶ 25} Appellees admit "there was no discussion about a release" on June 5, 2018.

{¶ 26} Both parties acknowledge appellees then sent appellants a release, but neither identifies exactly when. Appellants describe the event as, "Attorney Millican informed attorney McKeon that the Plaintiffs had not agreed to sign a release – just join in filing a dismissal with prejudice. Attorney McKeon contacted the court for a telephone conference to be held regarding the release issue." Appellees describe the event as, "Counsel for Bowe provided a release which Zimmerman refused to sign stating it was not a part of the settlement agreement."

{¶ 27} On June 18, 2018, the trial court held a telephone conference with the parties. Appellants describe the telephone conference as "the court was informed of the settlement, the issue of the Release requested from Plaintiff by the Defendants and that Plaintiffs were claiming they were entitled to interest on the settlement amount."

11.

Appellees describe the telephone conference as "regarding the issue of whether Zimmerman was required to sign a release," and the trial court ordering the parties to "brief whether a release was required with Bowe's initial brief due July 18, 2018."

{¶ 28} It is well-settled that a court of record generally speaks only through its journal. *Schenley v. Kauth*, 160 Ohio St. 109, 111, 113 N.E.2d 625 (1953).

{¶ 29} The trial court's journalized entry is in the record. On June 20, 2018, the trial court reported, "Parties reported to the Court that they had entered into a settlement agreement. However, Plaintiffs' Counsel has reported they do not intend to sign the Defendants' Release, requested by Defendants." The trial court clearly requested the parties brief the issue of a release, ordered appellants' attorney to "hold in good faith, any settlement check(s) issued to Plaintiffs until further order of this Court," and "interest shall not accrue during the pendency of this case." We find the trial court did not determine the parties entered into a binding settlement agreement as of June 5, 2018, or even on June 20, 2018, because of the disputed settlement issues. We find the trial court was clear and unambiguous in its order "that interest shall not accrue during the pendency of this case."

{¶ 30} The next evidence in the record regarding the settlement discussions is an exhibit attached to appellees' opposition to the motion to enforce settlement. In a letter dated July 5, 2018, appellees delivered two checks totaling $38,087.60 to, and payable to, appellants. The checks were for the principal of the settlement plus an amount for

12.

interest that appellees disputed they owed. As part of that delivery, appellees stated, "We will forgo a release and rely on the dismissal with prejudice. I trust this will resolve this matter." Appellees argue, "Until that moment, a central and necessary term of the settlement agreement remained unresolved, that is, whether Zimmerman would sign a release – an issue sufficiently material that the parties sought court intervention. Bowe's written waiver of the issue on July 5, 2018, resolved the final obstacle to settlement."

{¶ 31} The dispute between the parties is when payment was due and payable on the settlement and the accrual of statutory interest pursuant to R.C. 1343.03. Appellants rely heavily on the authority of *Hartmann v. Duffey*. The Ohio Supreme Court has determined R.C. 1343.03 is clear and unambiguous. *Hartmann v. Duffey*, 95 Ohio St.3d 456, 2002-Ohio-2486, 768 N.E.2d 1170, ¶ 8. R.C. 1343.03(A) "is written in the conjunctive" and applies where "a settlement that has not been reduced to judgment clearly falls within the purview of R.C. 1343.03(A) * * *." *Id.* In contrast, R.C. 1343.03(B) "is triggered only when a settlement has been reduced to judgment or where there has been a decree or order. In such a case, interest is computed from the date of the judgment, decree or order." *Id.* at ¶ 9.

{¶ 32} R.C. 1343.03(A) states:

> In cases other than those provided for in [R.C. 1343.01 and 1343.02], when money becomes due and payable * * * upon any settlement between parties, * * *, and upon all judgments, decrees, and orders of any

judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to [R.C. 5703.47], unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.

{¶ 33} In contrast, R.C. 1343.03(B) states:

Except as provided in divisions (C) and (D) of this section and subject to [R.C. 2325.18], interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct or a contract or other transaction, including, but not limited to a civil action based on tortious conduct or a contract or other transaction that has been settled by agreement of the parties, shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid and shall be at the rate determined pursuant to [R.C. 5703.47] that is in effect on the date the judgment, decree, or order is rendered. That rate shall remain in effect until the judgment, decree, or order is satisfied.

{¶ 34} The Ohio Supreme Court subsequently confirmed that *Hartmann* did not determine what constitutes the settlement date. *Layne v. Progressive Preferred Ins. Co.*, 104 Ohio St.3d 509, 2004-Ohio-6597, 820 N.E.2d 867, ¶ 9. The parties must negotiate

14.

and agree upon the due and payable date, a certain date on which interest would accrue, if it is to be different from the date of settlement and incorporated into the written settlement agreement. *Id.* at ¶ 13; *Bellman v. Am. Internatl. Group*, 113 Ohio St.3d 323, 2007-Ohio-2071, 865 N.E.2d 853, paragraph two of the syllabus. A trial court must make a factual finding of the date the payment is due and payable only where R.C. 1343.03(A) applies. *See Wakeman Eagles Aerie No. 4354, Inc. v. Seitz*, 6th Dist. Huron No. H-13-017, 2014-Ohio-1007, ¶ 2-4.

{¶ 35} To be enforced, there must be a meeting of the minds as to the essential terms of the settlement agreement. It is clear in the record there is no written settlement agreement, and the parties did not have a meeting of the minds as to when the settlement payments by appellees were due and payable to appellants. The trial court's June 20, 2018 journal entry sought some resolution to the disputed matter by having the parties brief the issue of a release. The trial court also ordered no interest would accrue during the litigation, which is further evidence the essential terms of a settlement agreement were not reached between the parties to trigger R.C. 1343.03(A). Further, the Ohio Supreme Court acknowledges a reasonable amount of time is expected from when the last party says, "okay," and when administrative steps are taken to issue and deliver payment before interest accrues. *Bellman* at ¶ 13, citing *Layne* at ¶ 16 (Pfeifer, J., concurring). However, the court in *Bellman* had a written, dated settlement agreement from which to state, "Thus, unless otherwise specified, a claimant is entitled to

15.

postsettlement interest from the date of settlement agreement until the date of payment. Those who delay in forwarding settlement drafts incur postsettlement interest from the date of the agreement unless a different due and payable date is specified in the settlement agreement." *Id.* at ¶ 14.  That is not the case in this matter.

{¶ 36} Appellants' motion to enforce settlement was filed before any briefing on the disputed settlement issue of a release could occur.  The trial court eventually denied appellants' motion on August 28, 2018, by determining payments were previously delivered by appellees to appellants, leaving no remaining issues to be resolved.  The trial court was clear and unambiguous in its August 28, 2018 order when it specifically stated "no issues remain for the Court to resolve."  The trial court then clearly ordered the litigation was settled on August 28, 2018, with no further payments between the parties, and dismissing the matter with prejudice.  We find the trial court's factual determinations in its August 28, 2018 entry were supported by some competent and credible evidence in the record, and we will not disturb those determinations.

{¶ 37} We do not find the existence of a settlement agreement as a matter of law.  Appellants failed to meet their burden by a preponderance of the evidence of the existence of a binding settlement agreement.  We do not find appellants and appellees intended to be bound on the disputed issues of a release and interest accrual as part of their settlement discussions to determine when payment was due and payable.  *CIG Toledo LLC v. NZR Retail of Toledo, Inc.*, 6th Dist. Lucas No. L-17-1282, 2019-Ohio-

16.

160, ¶ 18.  Based on the foregoing, there is no evidence in the record of a settlement discussion on or before June 5, 2018, on the disputed issues of a release and interest accrual.  Without evidence of the intention of appellants and appellees to be bound on the disputed issues, the issue of when the settlement payment was due and payable remained outside of the settlement agreement, and there was no settlement agreement to breach.  "Without the existence of a settlement agreement on [the disputed issues], there was no breach of a settlement agreement * * * to enforce." *Id.* at ¶ 17.

{¶ 38} We find as a matter of law R.C. 1343.03(A) does not apply in this matter because there was no settlement agreement as to the essential terms.  However, R.C. 1343.03(B) may apply in the absence of a settlement agreement because the underlying litigation was a civil action based on tortious conduct.  *See Hartmann* at ¶ 9 and 15 (Cook, J., dissenting) (when parties fail to expressly agree to a term specifying the date on which the settlement proceeds become "due and payable," by default R.C. 1343.03(B) governs the calculation of interest).  Even if R.C. 1343.03(B) applied, we do not find it provides the relief appellants seek for $262.21 for additional interest.  The trial court's August 28, 2018 judgment entry was well after appellants acknowledged to the court on July 5, 2018, they received two checks from appellees, including interest which the trial court previously ordered "shall not accrue during the pendency of this case."  Pursuant to R.C. 1343.03(B), no interest is owed prior to the "judgment, decree, or order is rendered"

17.

as a matter of law. *State ex rel. Shimola v. Cleveland*, 70 Ohio St.3d 110, 112, 637 N.E.2d 325 (1994).

{¶ 39} Nevertheless, appellants argued in their third assignment of error the trial court erred by denying their motion to enforce settlement because the "amount of judgment" against appellees was unresolved. However, on August 28, 2018, the trial court ordered appellants were authorized to cash the checks totaling $38,087.60, ordered the case was settled, and dismissed the litigation with prejudice at appellees' costs. Despite appellants' argument, we find the trial court's journalized order identified the "amount of judgment" against appellees.

{¶ 40} We reviewed de novo the entire record and find as a matter of law there was no settlement agreement between the parties in the absence of a meeting of the minds as to the essential terms in dispute. We find as a matter of law the trial court did not err when it denied appellants' motion to enforce settlement.

{¶ 41} Appellants' third assignment of error is not well-taken.

{¶ 42} In light of our foregoing decision, appellants' first and second assignments of error are moot. App.R. 12(A)(1)(c).

{¶ 43} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

18.

Joel R. Zimmerman, et al.
v. Carolina E. Bowe, et al.
C.A. No. L-18-1200

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.