[Cite as *Erie Capital, L.L.C. v. Barber*, 2021-Ohio-2258.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Erie Capital, LLC, et al.          Court of Appeals No. E-20-010

    Appellees                  Trial Court No. 2016-CV-0455

v.

Phillip F. Barber, etc., et al.          **DECISION AND JUDGMENT**

    Appellants                Decided: June 30, 2021

* * * * *

Charles M. Murray, Joseph A. Galea, and Daniel McGookey, for appellees.

D. Jeffrey Rengel, Thomas R. Lucas, and Kevin J. Zeiher, for appellants.

* * * * *

**MAYLE, J.**

## Introduction

{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas that denied the appellants' joint motion to enforce an oral settlement agreement.

Following an evidentiary hearing on the matter, the trial court found that the purported agreement was unenforceable because it lacked definite terms and because there was no "meeting of the minds" as to material terms. Finding no error, we affirm.

**Procedural History**

{¶ 2} This case began with the filing of a complaint to partition land commonly owned by three brothers. The property at issue is situated on the northwest corner of Kelleys Island in Erie County, Ohio. Before 2014, the "Minshall Estate" had been owned by four principals: Frances Minshall, who owned a 3/6 interest, and her three sons: William, Peter and Werner Minshall, who each owned a 1/6 interest. Mother and sons owned the property jointly, as tenants in common.[1] When Frances Minshall died on March 2, 2014, each son inherited a one-third undivided interest in her share, again as tenants in common.

{¶ 3} According to William, "[b]y 2016, [the co-tenancy] was no longer workable. [William] wanted complete separation from his brothers [and] no longer wanted to share any access to the property with them." William, the plaintiff-appellee herein, filed this partition action on July 6, 2016 against Werner and Peter, the defendant-appellants. Werner answered the complaint and filed a cross complaint for monetary damages and

---

[1] The brothers own their respective interest in the property through legal entities, which are the named parties in this case. That is, William owns his interest through Erie Capital, LLC., the plaintiff-appellee herein. Werner owns his interest through the W.E. and J.M. Minshall 1997 Childrens' Trust, and Peter owns his interest through the Kelleys Island Revocable Trust. The trusts are the defendant-appellants in this action. For ease, we refer to the parties by their individual first names.

2.

declaratory judgment alleging that William had breached his fiduciary duty as trustee of their mother's trust. Peter also filed a counterclaim and third party complaint against William, raising the same claims as Werner.

{¶ 4} A recorded settlement hearing (hereinafter "the settlement hearing") was held before a magistrate on August 31, 2017. At the conclusion of the hearing, the magistrate outlined the terms of the parties' agreement. According to the magistrate, the parties agreed that:

1. Parcels 3 through 15 would be divided as follows:

Werner would get parcels 4, 9, 10, and half of 13

Peter would get parcels 5, 6, 7, 8, and half of 13

William would get parcels 3, 11, 12, 14, and 15;

2. Two separate tracts of land would be sold to the Trust for Public Land and how to apportion the proceeds from those sales;

3. William would give a first right of refusal with regard to Parcel 3 to Peter and Werner, jointly;

4. "The deeds and documents [would] be filed as promptly as possible. The plat would * * * would also be recorded, which indicates that Minshall Road is to go in at some point in time or that's the desire of the plat."

5. The $45,000 of "start-up costs" paid by Werner would be "dealt with privately between Peter and Werner."

3.

6. William would not petition the court for attorneys' fees;

7. Two "small" access roads would remain and that one of them (below parcel #14) would belong to William and the other (below parcel #13) would belong to Peter and Werner. (Sept. 6, 2019 Tr. at 10-22).

{¶ 5} The magistrate then asked the parties to verify that the above synopsis "accurately" reflected the terms of the agreement, that there were no "corrections or changes" that needed to be made, that "this is the agreement [that] you want [to] resolve this case," that the parties were not being forced or intimidated into the agreement and that each party was satisfied with his lawyer's representation. William and Peter, in his individual capacity and as proxy to Werner, verified that each assertion was true. William's counsel stated that the agreement would be memorialized in writing, identified as the "Kelleys Island Agreement," and submitted to the court for inclusion in a judgment entry.

{¶ 6} No written agreement was provided to the court. Therefore, as described by the trial court, "[b]elieving the matter was settled, after waiting approximately five (5) months for a signed entry, and when no signed agreement was filed with this Court even after numerous attempts to get one from the parties, this Court dismissed this case as 'settled.' (Judgment Entry filed on or about May 2, 2018). The dismissal was with prejudice." (April 6, 2020 Journal Entry). The trial court retained jurisdiction for purposes of enforcing the settlement agreement.

4.

{¶ 7} A flurry of filings followed.  Of relevance to this appeal was Defendants' "[Joint] Motion to Enforce Settlement Reached on August 31, 2017."  An evidentiary hearing (hereinafter "the evidentiary hearing") on the motion was held on September 6, 2019.  To begin, the court played a segment from the recorded settlement hearing that outlined the terms of parties' agreement and confirmation thereof (described above).  That audio recording was transcribed and made a part of the evidentiary hearing transcript.  (Tr. at 10-22).  Next, the trial court described the "break down [that] occurred" after the settlement hearing and then set about to determine whether the oral agreement, as described by the magistrate, was enforceable.  The trial court received evidence and heard testimony from William, Peter and Werner Minshall.

{¶ 8} By judgment entry dated April 6, 2020, the trial court found that no valid settlement agreement had been entered into and denied Peter and Werner's joint motion to enforce settlement agreement.  Peter and Werner (referred to jointly as "appellants") appealed and raise two assignments of error for our review:

> I. The trial court erred in finding that an identified private easement on an agreed and properly recorded plat was unenforceable.

> II. The trial court erred in failing to enforce the settlement agreement of the parties.

**Law and Analysis**

{¶ 9} In their first assignment of error, the appellants argue that the trial court erred in finding that "no easement * * * existed."  They claim that a plat, executed by the

5.

brothers in 2001, created a "private driveway easement [that] traversed parcels 7, 8, 9, 10, and 11." (Appellants' brief at 6). Of particular relevance here is appellants' claim that the easement gave them access to their parcels "over [Williams'] parcel #11."

{¶ 10} In its decision, the trial court specified that the issue of "whether an access * * * exist[ed] via an easement or right of way" was "not" an issue presented by appellants' Joint Motion to Enforce. The court added that it had reviewed the settlement hearing record "numerous times," and "[n]owhere in the record [was] there any discussion about an 'easement' existing or being created over parcel #11." (J.E. at 6). Indeed, in a footnote, the trial court stated that "this court *would have found* that no easement or right of access existed. The basis for this would include [identifying reasons]"—which further demonstrates that the trial court did not make any ruling on that issue. (J.E. at 10, n.8; emphasis added.).

{¶ 11} We find that the trial court expressly stated that the "only" issue before it was whether the parties entered into an enforceable agreement at the settlement hearing, and it carefully tailored its decision to that limited issue. (Sept. 6, 2019 Tr. at 9-10). Contrary to the appellants' claim, the trial court made no finding with regard to the existence, or enforceability, of an easement. The legal arguments presented by appellants in their first assignment of error are simply outside the scope of the proceeding that is currently on appeal, i.e. the joint motion to enforce the August 31, 2017 settlement agreement. Accordingly, we find appellants' first assignment of error not well-taken.

6.

{¶ 12} Appellants repackage that same argument in their second assignment of error in claiming that the trial court "incorrectly believed" that there was "no signed agreement," (i.e. the 2001 plat) that recognized their right to access "upland parcels over parcel #11." (Appellants' Brief at 13-15). For the same reasons expressed above, we find that the trial court did not make any finding regarding the enforceability of the alleged easement that may or may not be reflected in the 2001 plat. Appellants' argument is therefore not well-taken.

{¶ 13} The appellants also argue in their second assignment of error that the trial court erred in failing to enforce the settlement agreement because its "material terms * * * were clear."

{¶ 14} "We review de novo as a question of law a trial court's decision on a motion to enforce settlement of whether a settlement agreement exists as a contract between the parties to terminate a claim by preventing or ending litigation." *Zimmerman v. Bowe*, 6th Dist. Lucas No. L-18-1200, 2019-Ohio-2656, ¶ 11, citing *Marine Max of Ohio, Inc. v. Moore*, 6th Dist. Ottawa No. OT-15-033, 2016-Ohio-3202, ¶ 14; *see also Cont'l W. Condo. Unit Owners Assn. v. Howard E. Ferguson, Inc.,* 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996) ("The standard of review [to be applied to rulings on a motion to enforce a settlement agreement] is whether or not the trial court erred. Accordingly, the question before us is whether the trial court erred as a matter of law in dismissing the motion to enforce the settlement agreement.").

7.

{¶ 15} "A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16.  "A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract." *Id.*

{¶ 16} "To constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear." *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376, 683 N.E.2d 337 (1997) (Holding that a trial court must conduct an evidentiary hearing "[w]here the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement").

{¶ 17} "It is preferable that a settlement be memorialized in writing.  However, an oral settlement agreement may be enforceable if there is sufficient particularity to form a binding contract.  Terms of an oral contract may be determined from 'words, deeds, acts, and silence of the parties.'" (Internal citations omitted.)  *Kostelnik* at ¶ 15, quoting *Rutledge v. Hoffman*, 81 Ohio App. 85, 75 N.E.2d 608 (1st Dist.1947).

{¶ 18} We begin our review of the purported settlement agreement with the term that "[t]he deeds and documents [would] be filed as promptly as possible."

{¶ 19} Following the settlement hearing and in furtherance of partitioning the property, appellants presented William with a deed for each of his parcels—described by appellants as "a deed in fee simple warranting title in William except for easements and

8.

restrictions of record." (Appellants' brief at 17). But, William would not accept the deeds, insisting instead on general warranty deeds, i.e. deeds without limitation. He claims that he "did not bargain for imperfect title when he participated in the Settlement Hearing to partition their joint property." (Appellee's brief at 22; emphasis omitted). In its decision, the trial court concluded that the settlement agreement failed, in part, due to a "lack of definiteness" with respect to the "[t]ypes of deeds (General Warranty, Quit Claim, etc.,) to be given for the parcels." (J.E. at 15-16).

{¶ 20} To be binding, a contract must be definite and certain. *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations,* 61 Ohio St.3d 366, 369, 575 N.E.2d 134 (1991). While the parties need not agree on every conceivable circumstance that might arise in order for a contract to exist, they must agree on the contract's "essential terms." (Citations omitted.) *In re Est. of Bohl,* 12th Dist. Brown Nos. Nos. CA2015–01–005, CA2015–01–006, 2016-Ohio-637, ¶ 33. "Thus, a valid contract must be specific as to its essential terms." *Id.* In a contract that is not for goods, the essential terms are, generally, the parties to the contract and its subject matter. *Id.,* citing *Mantia v. House,* 178 Ohio App.3d 763, 2008-Ohio-5374, 900 N.E.2d 641, ¶ 9 (2d Dist.2008). An agreement is sufficiently certain for enforcement if it provides a basis for determining the existence of a breach and for giving an appropriate remedy. *Id.*

{¶ 21} Here, the purported settlement agreement states that the parties would file "deeds"; it does not specify what type of "deeds" would be filed. And yet, whether William enjoyed exclusive access to his parcels, including Parcel 11, or conversely,

9.

whether his brothers had a right to traverse over his parcels, including Parcel 11, is fundamental to the partition action. Indeed, as stated in their brief, appellants *agree* with the trial court that "accessibility to other upland parcels over parcel #11 * * * was a material or essential element of the parties' agreement." Appellants are hard-pressed to show that this essential term of the settlement agreement—i.e., the type of deeds to be recorded—was clear in the absence of any evidence in the record that the parties reached a meeting of the minds on that issue.

{¶ 22} In order to find the existence of a valid contract, both parties to the contract must consent to its terms, there must be a meeting of the minds of both parties, and the contract must be definite and certain. Here, even if we assume that the parties had agreed on all other essential terms, the record supports the trial court's determination that the parties did not reach mutual assent as to the type of deed to grant one another in the partition of parcels and, more fundamentally, to the "crucial" issue of access. Upon review of the record, Werner and Peter have not demonstrated that the trial court erred in finding a lack of meeting of the minds as to a settlement agreement. Therefore, we find that the trial court did not err in denying their motion to enforce settlement. Accordingly, appellants' second assignment of error is found not well-taken.

### Conclusion

{¶ 23} Based upon the foregoing, we find the trial court correctly concluded that the parties did not reach an enforceable settlement agreement. Accordingly, appellants' first and second assignments of error are found not well-taken, and the trial court's April

10.

6, 2020 judgment entry is affirmed. The appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                                                                                                         
_____
JUDGE

Gene A. Zmuda, P.J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.